Mulvihill et al., d. b. a. Mulvihill & Co. v. Frohmiller.

*Charge to jury—Special requests refused—Reversible error not corrected by general verdict—General verdict where one of several issues properly presented—Judgment reversed for error in submitting any other issue—Negligence—Automobile collision.*

1. Refusal to give pertinent and proper special charges requested *held* reversible error, not corrected by general verdict.
2. Where verdict is general, and one issue has been fairly presented, judgment should not be reversed for any error in general charge relating to any other issue.

(Decided March 29, 1926.)

Error: Court of Appeals for Hamilton county.

*Mr. August A. Rendigs, Jr.,* for plaintiffs in error.

*Messrs. Dolle, O'Donnell, Geisler & Cash,* for defendant in error.

BUCHWALTER, P. J.   The action was for damages to an automobile, and was brought in the municipal court of Cincinnati.   In the bill of particulars, plaintiff stated that the defendants, Edward Mulvihill and Charles Gill, were partners, doing business as Mulvihill & Company; that the plaintiff was the owner of an Oakland touring car, and that on the day in question his wife was driving said automobile westwardly on Madison road; that, when crossing the intersection at Madison road and Cleinview avenue an automobile owned by the defendants, and driven by their servant, acting within the scope of his authority, approached southwardly over Cleinview avenue, without signal or warning, at a speed greater than was reasonable and proper, to wit, at more than 20 miles per hour, in violation of the ordinances of the city of Cincinnati and the laws of the state of Ohio; that defendants' servant did not have proper control of his automobile, and as a result of his negligence and reckless driving he struck the plaintiff's automobile, causing the damage complained of.

Defendants filed an answer, denying the allegations of the petition generally, and, for a second defense, averred that the damage, if any, was caused by the sole negligence of plaintiff's wife, who was driving plaintiff's automobile, in that she was driving at a high, dangerous, and unlawful rate of speed, without having the automobile under proper control, and was driving on the wrong side of the street.

Plaintiff's reply denied the allegations averred as a second defense in defendants' answer.

The cause was heard by a jury, which returned a verdict for defendants, on which judgment was entered. The cause was then taken on error to the court of common pleas; the error complained of being the refusal of the judge to give the jury two special written charges, submitted by the plaintiff, and error in the general charge.

The court of common pleas entered a judgment, reversing the judgment of the municipal court, and remanding the cause to the municipal court for a new trial. Error is now prosecuted here to reverse the judgment of the court of common pleas, and to affirm the judgment rendered in the municipal court.

The error complained of in the general charge is that the court submitted the question of contributory negligence to the jury, which was not made an issue either by the pleadings or the evidence. We have examined the charge, and do not find that the language used by the court injected the issue of contributory negligence into the case.

Special charges Nos. 1 and 2, offered by the plaintiff, were pertinent to the issues and to the evidence, and stated the law correctly as to the issues involved. The municipal court was in error in refusing to give those charges before argument.

It is claimed, however, by the defendants, because there was a general verdict for the defendants, all issues thereby being found for the defense, that, if one issue was fairly presented, the judgment should not be reversed for any error in instructions relating to any other issue. Numerous authorities are cited. This is undoubtedly the

correct rule of law in Ohio with reference to instructions contained in the general charge, but we do not find that, where the court is in error in refusing to give proper special charges, this error is corrected by a general verdict. In the case of *Payne, Director General,* v. *Vance,* 103 Ohio St., 59, 133 N. E., 85, in proposition 7 of the syllabus, it is held:

"When either party presents written instructions to the court and requests them to be given to the jury before argument, and such written instructions state correct propositions of law, pertinent to the issues and the evidence adduced, it is reversible error to refuse such request."

In view of this pronouncement by the Supreme Court, the refusal to give the written instructions requested by plaintiff was reversible error, and the court of common pleas, in reversing the judgment and remanding the cause for a new trial, was correct.

We therefore find no error in the judgment of the court of common pleas, and the same is hereby affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.