## SCHARFF v. LEVINE.

Ohio Appeals, 9th Dist., Summit Co.

No. 1336. Decided May 21, 1928.

First Publication of This Opinion.

Syllabus by The Court.

225. CHARGE OF COURT—1104 Statutes.

Where a request to charge before argument is properly made and correctly states a propo-

sition of law pertinent to the issues and is not covered by other charges given before argument, the statute requiring such request to be given confers upon litigants a substantial right, of which they cannot be deprived by the trial court; and a reviewing court is not permitted, under .11364 GC., to certify that substantial justice has been done when such right has been denied.

Error to Common Pleas.

Judgment reversed.

Herberich & Weick, Akron, for Scharff.
Harris and Holub and Mather, Nesbitt & Willkie, Akron, for Levine.

## STATEMENT OF FACTS.

The parties appear in this court in the reverse order of that in the Court of Common Pleas, and for convenience in this opinion will be referred to as plaintiff and defendant, as they were in that court.

Plaintiff brought an action at law to recover damages for personal injuries which she suffered as a result of an automobile accident, which she claimed was caused by the negligence of said defendant. The case was tried to a jury, a verdict was returned for the plaintiff, and judgment was entered thereon.

The defendant denied any liability and claimed that the accident was caused by the sole negligence of the husband of said plaintiff, who was driving the automobile in which she was a passenger.

PARDEE, J.

There is a very sharp conflict in the evidence. The plaintiff and her witnesses claimed that the accident resulted from the sole negligence of the driver of the defendant's car; while the claim of the defendant and his witnesses was that the accident was caused by the sole negligence of the driver of the car in which the plaintiff was riding. The jury arrived at the conclusion, as is shown by their unanimous verdict, that they believed the evidence of the plaintiff and disbelieved that of the defendant, and we cannot say, from an examination of the record, that this finding is manifestly against the weight of the evidence; and if the finding of the jury had been for the defendant instead of for the plaintiff, we would find ourselves in the same position and would be unable to say that such a verdict would be manifestly against the weight of the evidence.

The defendant claims, in addition to the one that the verdict is manifestly against the weight of the evidence, that the court committed prejudicial error in refusing to give certain special written requests before argument, submitted by the defendant, and that the court erred in its general charge to the jury.

We do not find any prejudicial error in any of said claims, except as to defendant's special request No. 12, submitted to the court and asked to be given by it to the jury before argument, which request is the following, to-wit:

"The court says to you, as a matter of law, that the law presumes that the driver of defendant's car was not in any manner negligent and, before it can be found by you that he was negligent in any manner, it must be proven against him by the greater weight of the evidence, and the court says to you that you have no right to assume or presume that he was negligent, simply because the accident happened."

When the civil code of Ohio was adopted in 1853, paragraph 5 of Sec. 266 provided:

"When the evidence is concluded, either party may request instructions to the jury on points of law, which shall be given or refused by the court, which instructions shall be reduced to writing, if either party require it."

This paragraph remained, in its original form until March 3, 1892, when the legislature of Ohio amended it to read as follows:

"When the evidence is concluded, either party may present written instructions to the court on matters of law, and request them to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced."

—and is present paragraph 5 of GC., Sect. 11447.

It will not be denied that the jury would not be justified in finding the defendant guilty of negligence unless all the evidence offered in the case established that fact by a preponderance of the evidence, and it will be admitted that if plaintiff did not prove her claim by that quantity of evidence, it was the duty of the jury to return a verdict for said defendant.

This was one of the principal questions in the case to be decided by the jury. This request was pertinent to the issues made by the pleadings and the evidence adduced upon such issues, and contained one of the usual statements of the law given to the jury, in one form or another, in all negligence cases.

Before the amendment was adopted, it was a matter in the discretion of the trial judge, whether or not he would give the charges requested, before argument or before the final submission of the case. Shortly after the amendment, the question as to its effect was presented to the Supreme Court of this state, in the case of Monroeville v. Root, 54 OS. 523. The court in the syllabus of that case stated the law and the same judge spoke in the later case of Electric R. R. Co. v. Hawkins, 64 OS. 391, upon the same subject, at p. 395.

In the case of Chesrown v. Bevier, 101 OS. 282, the court reiterated the law upon the subject and in the case of Payne v. Vance, 103 OS. 59, the court again stated the law.

To the same effect are the following cases: Armuleuis v. Koblitz, 114 OS. 73; Cincinnati Trac. Co. v. Kroeger, 114 OS. 303; Rogers v. Ziegler, 21 O. App. 186, and on p. 193; and Mulvihill v. Prohmiller, 21 O. App. 210.

There are many other cases in this state which have recognized and applied the rule as stated without exception.

We are unanimously of the opinion that this request correctly stated the law upon the subject contained therein, that it was pertinent to the issues and the evidence adduced, that it was properly and timely asked, that it was not covered by any other request given before argument, that it was improperly refused, and that the defendant took an exception at the time, as required by the statute. This refusal of the trial court constituted prejudicial error, which requires us to reverse the judgment.

(Washburn, PJ., and Funk, J., concur.)