**PEOPLES v COLUMBUS, DELAWARE & MARION ELECT CO**

Ohio Appeals, 3rd Dist, Marion Co

No 701. Decided Jan 22, 1929

Young & Mouser, Marion and Knepper & Wilcox, Columbus, for Peoples.

William P Maloney, Marion, for Elect Co.

**JUSTICE, J.**

Do these facts show a cause of action upon negligence? That was the sole question in the court below and is the sole one here.

Negligence, constituting a cause of civil action, has been thus defined:

"It is such an omission, by a responsible person, to use that degree of care, diligence and skill which it was his legal duty to use for the protection of another person from injury as, in a natural and continuous sequence, causes unintended damage to the latter."

Shearman & Redfield on the Law of Negligence, Sixth Edition, Volume 1, page 10, Section 3.

In the instant case, the defendant, by its motion, admits as true, all the material facts well pleaded in the petition and, as we see it, these facts clearly warrant the conclusion that defendant owed a legal duty to the plaintiff to use ordinary care in the operation of its interurban car to the end that it would not unintentionally injure him while he was upon said streets; that it did not use such care, in other words, breached that duty, and that as a direct and proximate consequence and result thereof, plaintiff was injured to his damage.

There are four separate and distinct grounds of negligence alleged in the petition. Of these, only one is referable to the ordinance. Even if the ordinance is not applicable to electric railways, and as to that we express no opinion, it being unnecessary for us to do so in disposing of the case, still the remaining facts, as averred in the petition, clearly show actionable negligence.

Counsel for defendant in error, however, insist that the motion was properly sustained because of plaintiff's failure to allege in the petition that he, prior to entering upon Center Street, which was concededly a main thoroughfare, had looked both to the right and left and had waited until he believed he could cross the tracks in safety. With this contention we are not in accord.

Manifestly the gist of the action was negligence. Negligence is never presumed. The presumption is that plaintiff exercised ordinary care when he entered upon Center Street. There is nothing in the petition to remove that presumption.

Our attention has been invited to the case of **Buell v New York Central Railroad Company, 114 OS. 40,** and the case of **Heidle v. Baldwin, 8 Ohio Bar 375.** We are acquainted with the rules of law enounced in these cases. They are not at variance with the pronouncement here.

Holding these views, it follows that the judgment of the Court of Common Pleas should be reversed and the cause remanded.

Before Judges Crow, Hughes and Justice.

Gottfried & Silber, Cleveland, for Realty Co.

Ray T Miller & E J Hopple, both of Cleveland, for Cook.

