## KOPACHY v BLANK et.

Ohio Appeals, 9th Dist, Lorain Co

No 482.   Decided April 12, 1929

M C Harrison and J DeKaiser, both of Cleveland, for Kopachy.

Squire, Sanders & Dempsey, Cleveland, H C Johnson, Elyria, and G A Resek, Lorain, for Blank, et.

PARDEE, J.

The grounds relied upon for a reversal are the following, to wit: first, error in the exclusion of evidence; second, error in the

refusal to give a special request before argument; and third, error in the general charge.

As to the first ground of error.

This error relates to the withdrawal, by the trial judge, of certain testimony given by one Dr. Nicholas, who testified as a medical expert for the defendants.

From our examination of the record, we are of the opinion that it does not clearly appear just what part of the testimony of Dr. Nicholas the trial judge was attempting to withdraw from the consideration of the jury. If he was referring to the two questions objected to by the defendants as they appear on page 82 of the bill of exceptions, then no harm was done, as the answers thereto could not have helped the jury in arriving at a proper conclusion.

But if the trial judge referred to the long question put to Dr. Nicholas by the attorney for the plaintiff, and designated by the trial judge as the hypothetical question, and the answer thereto, as appear on page 83 of the bill of exceptions, in which answer the witness stated that he thought he would know what proper practice would require under the circumstances stated in the question, we are of the opinion that the trial judge was correct in his ruling, as the question was not properly framed as a hypothetical question, in that it related to what the witness would have done in this particular case, rather than what should have been done generally under the same or similar circumstances. So, if the trial judge only withdrew the hypothetical question and the answer thereto, it still left in the record the questions and answers given prior and subsequent thereto. Therefore, upon this state of the record, we do not find any error prejudicial to the plaintiff.

As to the second ground of error.

The foregoing request expressly stated to the jury that the plaintiff was required to establish certain issues in his favor by a preponderance of the evidence, and then said, in substance, that if the jury found that it was more probable that one of the plaintiff's claims was true than the contrary, then that particular issue of fact was established by a sufficient degree of proof to support a verdict in plaintiff's favor. This was misleading, as it amounted to telling the jury that if they found one issue of fact in favor of the plaintiff that finding would support a verdict in plaintiff's favor, "and this would be true even though there might still be *** some doubt and uncertainty upon that issue"—notwithstanding that there were several issues required to be established in favor of the plaintiff by the same degree of proof.

In order to predicate error upon the refusal of a trial court to give a written request before argument, the request must be an accurate and precise statement of the law; otherwise the rule recognized in **Scharff v. Levine, 29 O. App. 340, 163 N. E. 581,** would work great injustice upon litigants, where there did not appear other prejudicial error in the record.

The third assignment of error relating to the general charge, we do not find to be well taken, although we do find some unhappy statements therein. Considering the charge as a whole, we find it to be free from prejudicial error.

Not finding the assignments of error to be well taken, we affirm the judgment of the trial court.

Funk, PJ, and Washburn, J, concur.