### BOMMER v DALEY

Ohio Appeals, 9th Dist, Lorain Co

No. 491. Decided October 11, 1929

Messrs. F. M. Stevens, Cyril J. Maple, Elyria, and Frank E. Stevens, Cleveland, for Bommer.

Mr. Harry M. Redington, Elyria, for Daley.

**PER CURIAM**

Bommer, in writing and before argument, requested the court to charge the jury before argument as follows:

"I say to you that the law of Ohio did not require the plaintiff to walk on the right-hand side of the road at the time and place in the petition mentioned, and going in the direction he did."

—which request was refused and exception noted.

Insofar as traffic traveling in the same direction as a pedestrian on the highway in the country is concerned, there is no law **requiring** a pedestrian to walk on the right-hand side of the road, and hence, the trial court should have given said request. As the law makes no specific requirement in reference to where such a pedestrian shall walk upon the highway, he is required to use ordinary care, under all the circumstances, in choosing the place where he will walk in the highway; and when it is claimed that he is negligent in walking in a certain part of the highway, a question is presented which it is the province of the jury and not the court to determine, and in determining that question, the jury should consider all of the circumstances, which include a knowledge imputable to him of the rules of the road governing the use thereof by vehicles.

Bommer was entitled to have the jury instructed that Daley was free to choose where he would walk upon the highway, and was not required, as a matter of law, to walk upon any particular part thereof. The error in refusing to give a proper instruction before argument is, under the holdings of the Supreme Court, necessarily and conclusively prejudicial, and cannot be cured by anything that is thereafter said in the general charge; but in this case, no attempt was made by the trial court to comply with said request in the general charge.

Scharff v. Levine, 29 O. App. 340, 163 N. E. 581, and cases therein cited.

In the general charge the court instructed the jury that it was the duty of Bommer not only to keep a watch ahead for pedestrians in the highway, but that it was his duty "to give a signal upon approaching pedestrians on foot in said highway, by blowing a horn or by some other signal, of his approach." The court later on charged the jury that "Even the giving of such signal alone might not be sufficient, under all the circumstances, without adopting other precautionary measures to avoid injury."

We know of no law, statutory or otherwise, which makes it the absolute and unqualified duty of the driver of an automobile upon a public highway in the country, to give, under all circumstances, a signal by blowing a horn or by some other means, upon approaching pedestrians on foot in said highway. If the circumstances were such that ordinary care required a signal, one should have been given; but whether or not ordinary care, under the circumstances of this case, required a signal, was a question for the jury and not for the court, and hence, the trial judge was in error in charging as he did.

But there is a more fundamental and serious error in the charge of the court in this case. The trial court charged the jury as follows:

"You are instructed that if you find from the evidence the night in question and at the time of this accident was so dark that the operator of an automobile must depend upon the light from his machine to see the condition of the highway, it is his duty to have

his automobile under such control that he can stop or avoid an obstruction or traffic thereon within the range of the light produced by the lamps on his automobile."

Sec. 6310-1 GC. provides that—

(Here follows quotation)

—but neither this section nor any other section of the statutes that we know of, requires the operator of such a motor vehicle to operate the same at such a rate of speed as that he can stop the same within the distance that an obstruction in the highway can be seen by him by the headlights of his vehicle.

The operation of a vehicle at a speed greater than such speed, violates no law, and therefore, in Ohio, the driver cannot properly be declared to be guilty of negligence per se.

Tresise v. Ashdown, 118 OS. 307, at page 313.

So far as the syllabus and the language of the opinion upon this subject in that case is concerned, that case is the same as the case at bar. There is no substantial difference between the charge of the court in that case and in the case at bar, and we are required to follow that case; and the record does not disclose a situation in which we can say that the error committed by the court was not prejudicial.

Following the law established by the Supreme Court in the case hereinbefore cited, and the established law requiring a reversal for error in refusing a proper request to charge before argument, the judgment of the trial court is reversed for error in the charge of the court, and the cause is remanded for retrial.

Funk, PJ, Pardee, J, and Washburn, J, concur.