CINCINNATI STREET RY. CO. *v.* HENKEL.

(Decided December 8, 1930.)

*Mr. Leo J. Brumleve, Jr.,* for plaintiff in error.
*Mr. August A. Rendigs, Jr.,* and *Mr. Edward Lee Meyer,* for defendant in error.

Ross, J. The petition alleges that the plaintiff, Chris Henkel, a passenger on defendant's street car, was injured while attempting to alight therefrom, due to the sole negligence of defendant's agents and servants acting within the scope of their authority, in that the car was caused to start without warning while plaintiff was in the act of alighting; that such agents and servants failed to use the necessary care in observing plaintiff while alighting from the street car.

The answer of defendant railway company admits that plaintiff was a passenger on its street car, and alleges that plaintiff alighted therefrom and fell while the street car was still in motion. The answer also alleges sole negligence of plaintiff as a cause of such injuries as he may have received, and is otherwise a general denial.

A reply denies any negligence on the part of the plaintiff.

The chief assignment of error is the refusal of the trial court to give before argument the following written instruction:

"The court charges you that the conductor and motorman of the street car were bound to exercise that degree of care which ordinarily prudent persons would exercise as a motorman and conductor under circumstances similar to that present at the time the plaintiff sustained his injuries."

If the instruction presented constituted a correct proposition of law, and was pertinent to one or more issues in the case, it comes within the purview of subdivision 5, Section 11447, General Code, and the trial court has no alternative but to give the instruction to the jury before argument. To refuse it is prejudicial error. *Bartson* v. *Craig,* 121 Ohio St., 371, 376, 169 N. E., 291; *Lima Used Car Exchange Co.* v. *Hemperly,* 120 Ohio St., 400, 166 N. E., 364; *Payne, Dir. Genl.,* v. *Vance,* 103 Ohio St., 59, 133 N. E., 85; *Scharff* v. *Levine,* 29 Ohio App., 340, 346, 163 N. E., 581. In the second paragraph of the syllabus in *Chesrown* v. *Bevier,* 101 Ohio St., 282, 128 N. E., 94, it is stated:

"Upon a written request to charge before argument, if the request correctly states the law and is

pertinent to one or more of the issues of the case and the same subject has not been covered by other charges given before argument, it is error to refuse to give such charge before argument, even though the language of the charge is not the exact language the court would have selected."

However, at page 285 of 101 Ohio State, 128 N. E., 94, 95, the court says:

"The purpose of all instruction of the jury by the court, whether by special request before argument or by general charge, is to make plain the law applicable to the issues of the case, and a request pregnant with a double meaning, one of which is unsound, or would tend to confuse instead of elucidate, is erroneous and properly refused."

Having in mind what has been said of such instructions, what is the meaning of the language used in this charge? Does it state a correct proposition of law? Is it confusing? "Ordinarily prudent persons * * * as a motorman and conductor" means ordinarily prudent motormen and conductors.

"Under circumstances similar to that present at the time the plaintiff sustained his injuries" means when stopping street cars to allow passengers to alight, and starting same after they have safely alighted.

It is contended by the defendant in error that the charge ignores the Ohio law requiring a carrier of passengers to exercise the highest degree of care for the safety of its passengers, consistent with the practical operation of the vehicle.

The defendant, the company, is required to use the highest degree of care toward its passengers, and

the servants and employees, in relation to passengers, are required to use such care. Will ordinarily prudent motormen and conductors always use such high care? The instruction states "would exercise," not "are required to exercise," or "shall exercise." It is true the instruction states that "the conductor and motorman of the street car were bound to exercise"—what? Not the highest degree of care toward passengers, but only the care which ordinarily prudent conductors and motormen "would" exercise—not are bound to exercise, or required to exercise.

The natural inference of this skillfully worded charge, which counsel for plaintiff in error states requires "very clear thinking"—and we think much more intricate reasoning than in all due fairness can be expected of intelligent laymen sitting as jurors—is that the defendant company, through its employees, was only bound by the degree of care which ordinarily prudent motormen and conductors *would* use when stopping and starting street cars to let off passengers.

In the case of parties to actions for negligence involving a common relationship, unimpressed with special obligations of care, the test may properly be what care the ordinarily prudent person *would exercise* of his own free will and volition, but, where by law either party and his servants are *obligated* to use a particular degree of care higher than that which ordinarily prudent persons *would* use, it then becomes not a question of what one *would* do, but what he is required to do—not a question of what care he *would exercise,* but a question of what care

he did exercise as compared with the degree of care the standard required him to exercise.

Instructions are presented for a jury's consideration, not as conundrums or legal riddles, but for the jury's information and guidance in the law of the case. These instructions must state the law in plain language not susceptible of misconstruction or misunderstanding. The criterion is the fair meaning of the language used. The phrasing of the charge here does not state the law; at least not with the plainness which is required to avoid misconception on the part of the jury.

We have carefully considered the argument of counsel for plaintiff in error to the effect that it is not necessary to state the *degree of care* in a charge which states the rule requiring the care which is applied by an ordinarily prudent person of the class involved. We do not think it necessary to pass upon the construction of the charge in view of what has been said; although, on the other hand, we are not in agreement with the contention of plaintiff in error on this point.

The charge was properly refused.

It is also claimed that the verdict is against the weight of the evidence. We think there was ample evidence to justify the verdict.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

HAMILTON, J., concurs.