### JOSEPHSON v DANZIGER

Ohio Appeals, 2nd Dist, Franklin Co

No 2202. Decided Nov 7, 1932

Rubrecht & Matthews, Columbus, for plaintiff in error.

Henry G. Binns, Columbus, for defendant in error.

## BY THE COURT

Various errors are assigned in the petition in error and urged by counsel for plaintiff in error in their brief.

We have read the record in this case and considered the briefs which have been filed by counsel. The brief of counsel for plaintiff in error contains citations and references to the various portions of the evidence which plaintiff in error claims was improperly submitted to the jury.

In view of these citations of the evidence complained of, it will be unnecessary for us to quote the same in detail.

Objection is particularly made to the introduction of certain testimony showing the rate of speed at which the car driven by John Davis, the co-defendant in the lower court of defendant in error, was being driven at and near the time of the accident.

We think this testimony was properly admitted. The jury was entitled to a complete picture of the entire transaction and of the conduct of the parties leading up to this accident. It will be kept in mind that both Davis and Danziger were jointly sued by plaintiff in error. There was a sharp conflict in the testimony as to the rate of speed at which these respective cars approached each other at the time of the collision. This became a question for the jury and there was evidence to warrant the jury in finding that the car being driven by Davis was at the time in question being operated at a high rate of speed. Upon a consideration of the entire record in so far

as it relates to the admission and rejection of testimony, we find no error therein which we consider prejudicial to plaintiff in error.

It is also claimed by counsel for plaintiff in error that plaintiff in error is entitled to recover by virtue of the statement of defendant in error Danziger that he saw the automobile of Davis some seventy-five feet distant and did nothing to prevent the accident. We do not think this .contention is well taken. If the Davis car was approaching the Danziger car at the rate of speed testified by some of the witnesses and the Danziger car was approaching the car of Davis even at the rate of speed claimed by defendant in error, this presented a sudden emergency and we think the jury may have been justified in finding that defendant in error could not have avoided the accident. There is no application of the doctrine of last clear chance under the facts as presented.

Various objections are also urged to the charge of the court.

Complaint is made of the court's saying to the jury,

"Rather it is the greater weight of the evidence considered as a whole and after a fair and impartial consideration of the evidence and all the facts and circumstances surrounding this case if your minds incline," etc., etc.

The portion underscored in the brief relates to the statement, "And all the facts and circumstances surrounding this case." This same statement appears in a subsequent paragraph of the charge. We do not think this statement could have misled the jury as the facts and circumstances clearly related to those disclosed by the evidence.

Complaint is also made to that portion of the charge of the court found on page 117, viz.,

"The action is based upon negligence, which must be proved, in other words, negligence is never presumed. In fact the contrary is presumed, that people are ordinarily careful."

The latter portion of this paragraph is the part of which complaint is made. The rule is well established in this State that there is no presumption of negligence as against either party. The presumption of law is that neither party was guilty of negligence and in any event the language used could not, in our opinion, have prejudiced the plaintiff in error.

We have carefully considered all of the errors complained of in the brief of counsel for plaintiff in error, but finding no error therein which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.