### PARKS v TAYLOR

Ohio Appeals, 2nd Dist, Greene Co

No 402.   Decided Jan 15, 1935

McMahon, Corwin, Landis & Markham, Dayton, for plaintiff in error.

Marshall & Marshall, Xenia, for defendant in error.

## OPINION

By HORNBECK, PJ.

We find no error in the action of the trial court in overruling the motions for directed verdicts at the conclusion of the plaintiff's case and at the conclusion of the whole testimony. The defendant gave her version of the occurrence at the time of and immediately prior to the collision. Admittedly she drove over and onto her wrong side of the road. When the cars had stopped after the collision she was clearly across the road and off onto her wrong side thereof. She attempts to justify her action in driving onto and across her wrong side of the road and onto the lane of traffic of plaintiff's decedent by saying that she was confronted with an emergency and that, though she may not have used the best of judgment, she exercised ordinary care in her dangerous situation and drove to the left of Taylor's automobile, believing that he was moving to his left and that such action on her part would avoid a collision. She contends that at the moment she had good reason to believe that it was safer for her and less dangerous to Taylor to cut across and over to her left side of the road because of a declivity which she insists existed on her right side.

By giving to all of her testimony the consideration which the jury had a right to give to it and resolving it as the jury had the right to do it cannot be said, as a matter of law, that she exercised due care in driving where she did and as she did, though she was confronted with the situation as she described it. So that the testimony offered at the conclusion of plaintiff's case, and at the conclusion of the whole cause, upon all the physical facts and circumstances, together with the full testimony of the defendant clearly presented issues for the determination of the jury; nor do we find that the verdict of the jury was manifestly against the weight of the evidence. In our judgment the verdict of the jury conforms to the probabilities to be drawn from the evidence.

The petition alleged that the defendant was driving her car while in an intoxicated condition. The testimony touching the presence of intoxicating liquor other than wine was very freely given and received and the burden of the plaintiff's evidence was to the effect that the plaintiff was transporting hard liquor with gingerale in a form that could be quickly prepared to drink.

It was admitted by the defendant that there was a bottle, containing what she understood to be wine, in the car. It was the theory of the defense that, though the wine was originally on the back seat, the impact of the collision may have caused it to be thrown forward, so that it was up alongside the driver's seat. That may or may not be the fact but if, by any proper testimony, the defendant could establish her claim that she had wine only with her and that it was in a gingerale bottle, it may have changed the whole attitude of the jury respecting her action in transporting the liquor. When, then, she offered her sister, who was prepared to testify that a short time before Mrs. Parks left Chicago, she, the sister, had given Mrs. Parks a bottle of wine in a gingerale bottle, which was wrapped in a brown paper, this afforded some corroboration to the theory and claim of the defense. We think the testimony was admissible.

The jury said in answer to an interrogatory that defendant was not intoxicated at the time of the collision. This precludes any prejudicial error intervening against defendant by the action of the jury upon this specification of negligence.

Coming to the third assignment of error, namely, the failure of the trial court to give the special instructions requested to be given before argument by the defense. These instructions are:

"No. 1: The court says to you, as a matter of law, that the law presumes that the defendant was not in any manner negligent, and before it can be found by you that she was negligent in any manner, it must be proven against the defendant by the greater weight of the evidence, and the court says to you that you have no right to assume or presume that the defendant was negligent simply because an accident happened."

"No. 3. I instruct you, Members of the Jury, that if you find that the defendant, Mrs. Parks, was confronted with an emergency and without her fault placed in a situation of danger, she is not to be held to the exercise of the same care and circumspection that prudent persons would exercise where no danger is present; nor can it be said as a matter of right, that she is guilty of negligence because she fails to make the most judicious choice between the hazards presented, or would have avoided the collision had she chosen differently. The question in such case is not what a

careful person would do under ordinary circumstances, but what he would be likely to do, or might reasonably be expected to do in the presence of such existing peril."

"No. 5. You are instructed that traffic rules for public thoroughfares whether based upon the law of the road or on statutes of the state are not inflexible rules, and emergencies may arise where, to escape danger to one's self or to prevent injury to others, it is not only excusable, but proper, to temporarily violate the general rule."

If any one of these special instructions was pertinent to the issues stating the law of the case within the issues as drawn by the pleadings and the evidence from the standpoint of defendant it should have been given to the jury and it was prejudicial error to refuse to give it **Monroeville v Root, 54 Oh St 523.** And such error is not cured by a correct instruction on the same subject in the general charge. **Mueller v Busch, 11 O.C.C. (N.S.) 353.**

Instruction No. 1, though somewhat prolix, contains a familiar proposition of law which has many times been charged and which we believe to be the generally accepted law of negligence. It is simply the statement that there is no presumption of negligence merely because an accident occurs. Negligence is never presumed except in res ipsa loquitor cases and if the proof shows nothing more than a collision of two automobiles no negligence is presumed against the driver of either. Certainly this principle of law must be narrowed down to the collision only and that is the form of the language in which the charge is couched. Until the attendant circumstances and facts are thrown into the scales, there is nothing from which the jury may draw an inference of negligence. The specific charge requested was approved in **Scharff v Levine, 29 Oh Ap 340, (6 Abs 397).** This court recognized the rule in **Josephson v Danzinger, 13 Abs 344** and in many unreported cases; **Martin, Jr., v Heintz, 126 Oh St 227; Peoples v C. D. & M. Co., 7 Abs 229; Wallace v Spellacy, 8 N. P. (N.S.) 41; Stowell v Ohio Fuel Gas Co., 13 Abs 620.**

Special charge No. 3 is in the language of **Pennsylvania Railroad Co. v Snyder, 55 Oh St 342.** We have many times recognized the law as set forth in this special charge. This instruction presents the law of the case which the jury should have applied to the facts upon the theory of the accident as contended for by the defendant. The jury had a right to hold against the contention of the defendant that she was exercising due care when she elected to drive over onto her wrong side of the road, although she may have seen plaintiff's decedent's car partly over onto her lane. But, on the other hand, it was her claim that she was confronted by an emergency; that she believed and had reason to believe that the Taylor car was coming into her lane of traffic and that in this imminently dangerous situation, produced by no fault of hers, she drove over onto her wrong side of the road; that, although she may not have chosen the proper course, yet in the emergency charged only with such care as an ordinarily prudent person would exercise in the situation presented she was not negligent. It was proper that upon her theory of the case the jury should have the law defining the degree of care enjoined upon her in an emergency if created without her fault. **Woodward v Gray, 46 Oh Ap 177,** in which the rule was applied in favor of a motorist who was on his wrong side of the street. **Jones v Gray, 15 Abs 145; Dreyer v Schreiber, 31 OLR 317.** The trial court recognized the emergency rule and charged it in the general charge.

The third special instruction could properly have been given, although we would not reverse upon a failure to charge it.

Error is claimed in refusing to submit certain interrogatories. They are:

"No. 3. Do you find the defendant, Norma Parks, guilty of negligence proximately causing the death of Wesley J. Taylor?

"No. 4. Do not answer if your answer to Special Interrogatory No. 3 is 'No.'

"If your answer to Special Interrogatory No. 3 is 'Yes' of what act or acts of negligence causing the death of Wesley J. Taylor do you find the defendant, Norma Parks, guilty?

"No. 5. Do not answer if your answer to Special Interrogatory No. 3 is 'no.'

"If your answer to Special Interrogatory No. 3 is 'Yes' was the defendant, Norma Parks, immediately before the collision and without 'fault on her part, placed in an emergency situation by reason of the manner in which the automobile driven by plaintiff's decedent was operated?"

"No. 6. Do not answer if your answer to Special Interrogatory No. 5 is 'Yes.'

"If your answer to Special Interrogatory No. 5 is 'No', what do you find from the evidence caused the defendant, Norma

Parks, to operate her automobile on the north side of said road?

"No. 7: Upon what testimony is your answer to Special Interrogatory Number 6 based?"

In **Davison v Flowers, 123 Oh St 89,** relied upon by counsel for the defendant to support the interrogatories heretofore set forth, the court approved these interrogatories:

"(1) Was Albert Davidson, the defendant negligent?

(2) If your answer to defendant's request No. 1 is yes, state of what that negligence consisted."

Interrogatories presented in this form or substantially of the same import are proper. It will be noted that Interrogatory No. 3 inquires of the jury if it finds the defendant, Norma Parks, guilty, proximately causing the death of Wesley J. Taylor. The use of the word "guilty" is unfortunate and not well chosen. Negligence does not contemplate guilt in any sense of the word and may be present without any of the elements which we ordinarily associate with guilt. If such form of interrogatory has been approved we are not familiar with the case. As the answers to all of the other interrogatories, Nos. 4 to 7, inclusive, were connected with and based upon the answer "Yes", to interrogatory No. 3, there was no error in refusing to present them to the jury to be answered. No. 7 is clearly improper.

The claim that the verdict of the jury is a quotient verdict is not exemplified on the record.

Judgment reversed, cause remanded for further proceedings according to law.

KUNKLE and BARNES, JJ, concur.