**PLATT, Plaintiff-Appellee, v. DAVIES, Admr., Defendant-Appellee, and PLATT, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4082.   Decided November 7, 1947.

W. B. Cockrell, Columbus, for plaintiff-appellee.
John L. Davies, Columbus, for defendant-appellee.
John J. Chester and Jack F. Young, Columbus, for defendant-appellant.

**OPINION**

By WISEMAN, PJ.

This is an appeal from the Common Pleas Court of Franklin County, Ohio, upon a judgment rendered in favor of plaintiff. Notice of appeal was given on "law and fact". Counsel have proceeded to treat the case as an appeal on law, and the Court will so regard it.

This is an action for a declaratory judgment in which the plaintiff, Flora E. Platt, seeks an order declaring her claim for installments of alimony accruing after the death of Richard K. Platt, from whom she secured a divorce, to be a valid, subsisting claim against his estate.

Plaintiff, Flora E. Platt, secured a decree of divorce from Richard K. Platt in the Common Pleas Court, Division of Domestic Relations, Franklin County, Ohio, on November 6, 1941. Subsequently, Richard K. Platt married Florence L. Platt, the defendant-appellant herein. On September 21, 1943, Richard K. Platt died, and John L. Davies was appointed administrator of his estate by the Probate Court of Franklin County, Ohio.

The record shows that all installments of alimony were paid up until the date of death of Richard K. Platt. After the administrator was appointed, the plaintiff presented a claim for an indefinite sum which represented the unpaid installments of alimony which had accrued after the death of Richard K. Platt. The administrator was requisitioned to reject the claim by Florence L. Platt under the provisions of §10509-135 GC. Upon the rejection of the claim this action was instituted, praying for an order of Court:

"To direct John L. Davies, administrator of the estate of Richard Kenneth Platt, to abstain from paying out the assets

of said estate until said claim set out by the plaintiff herein is paid or satisfied and to direct said fiduciary to allow said claim and to pay the same out of any assets of said estate as the claims severally fall due, and to determine and decree and declare the claim of the plaintiff herein to be a valid, subsisting and continuing claim against the assets of the estate of Richard Kenneth Platt, deceased, and for such other relief to which the plaintiff may be entitled."

The Common Pleas Court granted the relief prayed for and entered judgment for the plaintiff, from which judgment this appeal is taken. The defendant-appellant, Florence L. Platt, contends that the trial court erred in finding that the parties entered into an agreement with respect to a division of property and alimony, and that the judgment is contrary to law. More specifically, the appellant contends that the obligation resting on Richard K. Platt to pay monthly installments of alimony under the decree was a charge on him personally, and terminated with his death.

The records show that on the day the divorce case was set for trial, the parties to the case and their counsel met in conference with Judge Rose, the trial judge, at which time the matter of the division of the property and an allowance for alimony and support was discussed. The plaintiff contends that the parties agreed with respect to the division of property and an allowance for alimony and support. The defendant admits that the matter was discussed, but denies that the parties arrived at an agreement. No written stipulation or agreement was signed by the parties. After the close of the discussion the case was called for a formal hearing, and the divorce case was heard. It is conceded that no evidence was presented at the formal hearing for divorce relative to any agreement between the parties with respect to a division of property or an allowance for alimony and support. At the end of the hearing a notation was made on the trial docket, dictated by Judge Rose, as follows:

"October 30, 1941, divorce granted plaintiff. Grounds gross neglect of duty. Custody of children to plaintiff. Property settlement approved."

On November 6, 1941, a journal entry was filed decreeing a divorce to the plaintiff on the ground of gross neglect of duty of the husband; giving custody, care and control of their three children to the plaintiff; and ordering the defendant to pay to the plaintiff:

"As and for alimony and support for herself and children the sum of $30.00 per week and to continue said payment as long as any one of the children is being supported by the plaintiff, provided that said weekly payments of $30.00 shall cease in any event when the youngest child reaches 21 years of age, or at such time as all of the children become entirely self-supporting or are not relying on the plaintiff for their support, or at such time as none of the children can legally demand support from either of the parties hereto.

"It is further ordered that at the time the defendant is released from the obligation to pay the plaintiff $30.00 per week as herein provided, then and at such time it is ordered that he pay to the plaintiff the sum of $15.00 per week during the period of her natural life as alimony, provided that the plaintiff has not remarried or further provided that if the plaintiff does remarry after the time that she is receiving the $15.00 per week payments, then and in that event said $15.00 payments shall immediately stop."

It is conceded that the two younger children are dependent upon the plaintiff for support; that all three children are under 21 years of age; and that the plaintiff has not remarried.

The entry further provides that the defendant forthwith convey to the plaintiff by warranty deed the real estate in the name of the defendant located in the Village of Galena, Delaware County, Ohio, free and clear of all encumbrances, excepting a mortgage to the Home Savings Company of Westerville, Ohio, in the amount of $500.00. The decree further provides that the plaintiff be given all the personal property located on or about the real estate; the defendant to be divested of all of his right, title and interest in said real estate and personal property. The plaintiff was ordered to pay the mortgage on the real estate and save the defendant harmless therefrom. The defendant was ordered to pay the plaintiff, in addition to all other amounts mentioned, the sum of $500.00 as follows: $250.00 forthwith, and $250.00 on or before three months from date. The entry was approved by counsel and, also, by the parties to the case.

The evidence clearly shows that the parties never entered into a separation agreement. If an agreement relative to alimony and support had been entered into, it is significant that there is no recital of such agreement in the decree. If the parties had arrived at a definite agreement respecting a division of property and an allowance for alimony and support we have a right to assume it would have been referred to in the

decree. It is contended by the plaintiff that an agreement must have been entered into, otherwise the Court would not have been advised as to the terms of the decree. It is conceded the matter was discussed, and the discussion would have furnished the Court sufficient information to enter the decree. Moreover, a careful consideration of the testimony, especially that of counsel for the parties, lends support to the contention that the parties arrived at an understanding as to the provisions and character of the decree which would be acceptable to them. Such an understanding falls far short of a separate and distinct property settlement or agreement between the parties which is afterwards incorporated in the decree. This case does not fall in that category. The fact that the parties signed the decree in the office of counsel several days after the hearing does not convert the decree into a contract. The decree is and still remains the judgment of the Court. The evidence clearly shows that the parties were requested by their counsel to attach their signatures to the decree in order to forestall any objection to its terms in the future. The fact that counsel required their clients to sign the decree supports the conclusion that no agreement had been effected by the parties. Whatever the understanding was between the parties prior to the hearing, it did not rise to the sanctity of a definite agreement. Furthermore, no contention is made here that the parties ever agreed, or even discussed the matter from the viewpoint of binding the estate of Richard K. Platt, after his death. The liability of the estate of the deceased husband must rest on the legal effect of the decree itself. The language of the decree alone is to be interpreted. It was within the province of the Court to make the order embodied in the decree and we may assume that the Court had sufficient information before it to make the order. Since the Court speaks from its journal entry, we can give little consideration to the notation made on the trial docket. Moreover, the notation on the docket refers to a "property settlement" which is not an issue herein; the notation on the docket fails to mention "alimony and support" which is the question involved.

The principal question for the Court to determine is: What is the legal effect of the decree as it relates to any liability resting on the estate of Richard K. Platt for the payment of installments of alimony and support accruing after the date of his death? In **Lockwood v. Krum, Admr., 34 Oh St 1,** where the Court decreed alimony, without divorce, the Court on page 7 held:

"The estate of the husband cannot, properly, in a proceeding for alimony, be charged or incumbered with the support of the wife to continue after his decease. If this could be done, the settlement of assets would not only be indefinitely prolonged, but funds rightfully belonging to the assets to be administered would be diverted and employed to make provision for such support. The legal obligation of the husband to furnish support to the wife ceases upon the termination of the marriage relation."

In **Hassaurek v. Markbreit, Admr., 68 Oh St 554,** a divorce was granted to the husband on the ground of wilful absence of the wife for more than three years, and the parties agreed on a property settlement which was incorporated in the decree, in which the husband was ordered to pay $1,200.00 per annum in twelve equal monthly installments, and "continuing so long as the defendant shall live and shall remain unmarried, but said payments shall cease upon her death or remarriage". The order in the decree was made under the provisions of Section 5700, R. S., now **§11993 GC,** which at that time provided:

"And the Court may adjudge to her such share of the husband's real or personal property, or both, as it deems just and reasonable."

It will be observed that the term "alimony" is not used, and the Court was careful to point out that a decree for alimony was not under consideration. The Court considered the decree from the standpoint of an order relating to the division of property. Judge Shauck, writing the opinion for the Court, held that the decree imposed an obligation on the estate of the deceased husband. The Court on page 580 say:

"It must now be regarded as settled beyond controversy that when, in an action for divorce, the Court is satisfied from the evidence that the marriage relations should be annulled the parties are competent to contract with respect to such changes in property rights as are to result from the severance of the former marriage and that contract, if approved by the Court, may be carried into its decree, thus becoming a perpetual obligation."

In **Graff, Exrx., v. Graff, 99 Oh St 448,** the Court on authority of Lockwood v. Krum, Admr., supra, held that the estate

of the deceased husband was not bound for the payment of monthly installments of alimony accruing after the date of death of the husband. The case which appears to be decisive of the question presented is **Snouffer v. Snouffer, 132 Oh St 617.** The decree under consideration in that case bears a striking similarity to the one under consideration in the case at bar. In that case the wife was granted a divorce from the husband; she was awarded as alimony certain real and personal property belonging to the husband and in addition thereto she was awarded as further alimony the sum of $100.00 per month "so long as she shall remain unmarried." In the case at bar, the award was in property belonging to the husband and in addition thereto the plaintiff was awarded as alimony and support a certain amount each week "during the period of her natural life", provided "the plaintiff has not remarried". There is no essential difference between the provisions of the two decrees.

The Court in Snouffer v. Snouffer held that:

"Such decree with respect to the installment alimony payments will be held not to embrace periods beyond the death of the husband."

The Court in that case draws a distinction between the liability arising under a property settlement or division of property incorporated in the decree and an alimony award payable in future installments. The Court on page 620 say:

"The arguments of the courts below and of counsel for appellee apparently proceed on the assumption that the $100 monthly alimony award was the only allowance made to the appellee and that it was made in consideration of her dower release. The decree discloses, however, that she received, absolutely and in fee simple, a portion of her husband's farm property, unencumbered, and residence property wherein she made her home, encumbered by an $8,000 mortgage, which the husband was, by decree, ordered to pay off, and which he accordingly did pay off.

"The $100 monthly award was not, in our opinion, part of the property settlement and division in lieu of dower, but was a personal obligation imposed upon defendant and, unquestionably, intended as a charge against his future earnings based upon his earning capacity. There being no earning capacity upon decease, the obligation based thereon terminates upon his decease."

In commenting on the rights of the wife under a property settlement, the Court on page 621 say:

"Appellee was, by decree, here awarded and she accepted a portion of the real and personal estate of her divorced husband. Her interest in his estate was thereby exhausted."

Again, on page 622 the Court say:

"The decree in the instant case granted divorce, settled property rights and distributed the assets of the husband in proportion deemed just and equitable by the Court. This is binding upon the husband and upon his estate. The wife released her dower in the property retained by the husband. This is binding upon her and her estate. Further alimony was awarded for her support, payments to continue so long as she remained unmarried. This is binding upon the husband **personally and not upon** his estate. Upon his death this obligation abates. It likewise abates upon her remarriage during his lifetime."

The Court recognized an exception to the general rule of law therein announced. On page 622 the Court stated the exception as follows:

"The duration of this decree does not extend beyond the joint lives of the parties unless expressly so provided by separate agreement which is approved by the court and incorporated into the decree (**Hassaurek v. Markbreit, Admr., 68 Oh St.**, 554, 67 N. E. 1066), or unless expressly so provided by statute (1 Ruling Case Law, 934 and 935). See also annotation in 18 A. L. R., 1045 et seq."

The exception to the general rule was recognized and applied in the case of **Wright, Gdn., v. Fishbaugh, 13 Abs. 620** (Court of Appeals of the 3rd District). It has been held that the Court cannot without the consent of the parties provide for continuance of alimony payments after death of either party. Parker v. Parker, 225 P. 447, 448 (193 Cal. 478); Roberts v. Higgins, 9 P. (2d) 517 (122 Cal. App. 170). In applying the general rule that death terminates payment of alimony it has been held that the husband's obligation is not enlarged by a decree granting permanent alimony to continue during the natural life of the wife. North v. North, 100 S. W. (2d) 582, 585 (339 Me. 1226). The rule applies, even though the decree requires the husband to give security for the payment of the alimony. Wilson v. Hinmon, 75 N. E. 236, 182 N. Y. 408, 413.

In support of the general rule see **14 O. Jur. 529**; 1 R. C. L. 933, 934; 27 C. J. S. 999; 18 A. L. R. 1040; 101 A. L. R. 323.

We conclude that if the obligation to pay installments of alimony is to be extended beyond the life of either party it must be done by the agreement of the parties, which is approved by the Court and incorporated in the decree, and not by Court decree alone. In the case at bar the Court by decree did not confirm an agreement of the parties. The decree ordered a division of property, the provisions of which were binding on the husband and on his estate. Further allowance was awarded for alimony and support of the wife and children. This portion of the award was binding upon the husband personally and not upon his estate. As it relates to a liability resting upon the estate of the deceased husband we recognize a distinction between a property settlement entered into between the parties and incorporated in the decree, and an allowance for alimony and support payable in future installments. The legal principle upon which this distinction is based is that in case of a property settlement the rights of the parties therein become vested; whereas, there is no vested right in installments of alimony until the payments have become due. Snouffer v. Snouffer, supra; 19 C. J. 278. If death ensues no liability is imposed for the payment of installments of alimony which may accrue after the date of death.

We are of the opinion that the judgment of the trial court was erroneous and prejudicial and should be and is hereby reversed.

MILLER and HORNBECK, JJ, concur.