By the Court

Lyon, J.,
delivering the opinion.
It is undoubtedly true that the Superior Courts not only have the power, but that it is a duty in suits for divorce, to make provision, by way of temporary alimony, for the wife’s maintenance during the pendency of the suit for the expenses which she may incur in conducting it: McGhee vs. McGhee, 10 Georgia, 477. But where the parties, pending the divorce, have, by deed of settlement between themselves and a trustee, agreed upon a specific sum to be paid to the wife annually by the husband, for her support and maintenance, and other property such as a house and lot and servants, are secured to the wife for life.for the same purpose, the parties agreeing to live separate, etc., as in this case, the Court has no such power, for the parties have settled that matter between themselves. It appearing, however’, from the petition and evidence submitted on the hearing of the motion, that the husband does not comply with the covenant, by paying to the wife the annuity secured by the deed of settlement, which is necessary for the wife’s maintenance, the Court may, in Iris discretion, allow such temporary alimony as he thinks proper, not to exceed annually the sum secured by the deed for that purpose, (that was the sum fixed upon by the Court in this case:) Provided such alimony be allowed by the Court, and accepted by the wife as a settlement pro tanto of the annuity secured by the deed. We accordingly send the case back with instructions conforming to this opinion.
Let the judgment be reversed-on the ground that the Court below erred in allowing the wife alimony under the circumstances of this case, it being the opinion of this Court that the libellant is not entitled to alimony unless súch allowance be credited to the defendant, her husband, on the amount to be paid by him to her for her separate maintenance under the agreement to that effect. And we instruct the Court below to allow such alimony as he deems to be reasonable, provided it be taken as a credit on the annuity given in the articles of separation.