[L. A. No. 7960. In Bank.—April 23, 1924.]

WILLIE O. PARKER, Respondent, v. MAUD D. PARKER et al., Defendants; MAUD D. PARKER, Appellant.

[1] DIVORCE—ALIMONY—DEATH OF SPOUSE — EFFECT UPON DECREE.— Regardless of the language used by a divorce court in making a provision in its decree for the payment of alimony, that provision ceases to be effective upon the death of either spouse, it being founded upon the legal obligation which the law imposes upon the husband to support the wife.

---

1. Death of wife as affecting alimony, note, L. R. A. 1916B, 854. Death of husband as affecting alimony, notes, 18 A. L. R. 1040; 2 L. R. A. (N. S.) 232.

[2] Id.—Decree Based on Contract of Parties—Construction of.—
Where a provision in a decree of divorce that the husband pay to
the wife a stated monthly sum during the remainder of her natural
life, the payments to be secured by a lien on the husband's prop-
erty, is based upon the stipulation of the parties that "if a decree
for divorce should be awarded to either party, the court instead
of dividing the property of said parties between them might pro-
vide for the separate maintenance of defendant (the wife) by
awarding to her certain property for life, and that plaintiff (the
husband) pay defendant such monthly allowance and secure the
same by a lien upon such property of plaintiff as in the discretion
of the court should seem proper," the provision in such decree is
not an award of permanent alimony, but an award of a life an-
nuity given in lieu of a division of the property of the spouses,
it resting not upon the obligation which the law imposes upon a
husband to support his wife, but upon the contract of the parties
thereto.

APPEAL from a judgment of the Superior Court of
Los Angeles County. Victor R. McLucas, Judge. Af-
firmed.

The facts are stated in the opinion of the court.

John B. Nichols for Appellant.

Tobias R. Archer for Respondent.

THE COURT.—In a divorce action pending in the su-
perior court of Los Angeles County in 1912, wherein Francis
M. Parker (the decedent herein) was plaintiff and Willie
O. Parker (plaintiff and respondent herein) was defendant,
it was stipulated in open court at the trial that "if a decree
for divorce should be awarded to either party, the court
instead of dividing the property of said parties between
them might provide for the separate maintenance of de-
fendant by awarding to her certain property for life, and
that plaintiff pay defendant such monthly allowance and
secure the same by a lien upon such property of plaintiff
as in the discretion of the court should seem proper."
Thereafter a decree was entered therein in favor of Francis
M. Parker, plaintiff therein. It was provided in the inter-
locutory decree and also in the final decree which followed
in due course "that said plaintiff pay to said defendant

the sum of fifty dollars on the first day of each and every month during the remainder of her natural life, beginning on the first day of September, 1912, and to secure the payment of said sum of fifty dollars per month a lien in favor of said defendant is hereby created and declared to exist upon the remainder over and interest of said plaintiff in'' certain real property therein described. (See *Parker* v. *Parker*, 55 Cal. App. 458 [203 Pac. 420].)

Said Francis M. Parker died in 1922, and the executrices of his estate refused to continue thereafter the payments of fifty dollars per month as provided in said decree, upon the ground that his liability therefor terminated with his death. Thereupon said Willie O. Parker duly presented her claim against his estate for the payments accrued and unpaid, which was disallowed. She thereupon commenced this action against the defendants as executrices of his estate and. recovered judgment in the court below, from which this appeal is prosecuted.

The merits of this appeal depend upon the true interpretation of the effect of the quoted provisions in the decree of divorce. If those provisions are to be regarded in the light of the rules governing the interpretation of contracts there would be no room for a difference of opinion as to their meaning and effect. It is there provided "that said plaintiff pay to said defendant the sum of fifty dollars on the first day of each and every month during the remainder *of her natural life.*" It is apparent that if it had been intended that those payments should continue only during *the joint lives* of the plaintiff and defendant it would have been very easy and simple so to say.

Coming now to the question whether any different meaning and effect can be or should be given to the quoted words, we are directed to numerous cases cited in appellant's brief wherein it is held that similar provisions for the support of the wife contained in divorce decrees have been construed by courts of other states as ceasing and determining upon the death of either spouse. If the provision in the decree here under consideration were merely the ordinary provision for the payment of permanent alimony, then we might be constrained to follow those decisions, because provisions for the payment of alimony made not upon the consent of the parties, but usually against the opposition

of one of the spouses, are founded upon the legal obligation which the law imposes upon the husband to support the wife, and that obligation comes to an end upon the death of either spouse. [1] So, regardless of the language used by a court in making a provision in its decree for the payment of alimony, that provision ceases to be effective upon the death of either spouse. [2] But here we have a provision based upon an agreement of the parties, in effect a contract. It is not an award of permanent alimony, but an award of a life annuity given in lieu of a division of the property of the spouses. It rests not upon the obligation which the law imposes upon a husband to support his wife, but upon the contract of the parties thereto.

It is true that the trial court in its decree attempted to reserve to itself the power to modify these provisions from time to time. It is not necessary for us to determine here whether that attempted reservation was or was not effective, because in so far as the provision we are now considering is concerned the trial court never attempted to modify it. So, regardless of the question whether the attempted reservation was effective, these provisions have remained the same, unmodified by any action or attempted action of the trial court. We are convinced that the true interpretation and effect of these provisions are to create an annuity of fifty dollars per month to the wife for the period of her natural life and that, therefore, there is no merit in this appeal.

This conclusion renders it unnecessary for us to determine whether or not anything which was decided or said in the opinion upon the appeal in *Parker* v. *Parker, supra,* is to be regarded as the law of the case upon this appeal.

The judgment is affirmed.