Louis Keith Southard *vs.* Carolyn E. Southard.

Middlesex.    November 11, 1927.— January 10, 1928.

Present: Braley, Crosby, Carroll, Wait, & Sanderson, JJ.

*Marriage and Divorce*, Alimony.    *Probate Court*, Jurisdiction.

Upon a libel by a wife for a divorce, the Probate Court has jurisdiction to enter a decree as to alimony, assented to by the parties, which provides that payment to the libellant for the support of herself and two children shall continue beyond the life of the libellee and shall be made from his estate "as a charge thereon until further order of" the court; and requires the libellee to keep his life insured by insurance payable on his death to the libellant, "but in trust nevertheless to invest the same and to apply the income thereof to the payment of any allowances that may be due to the libellant hereunder and, in case the estate of the libellee is insufficient to pay such allowances, to use such part of the principal of said trust fund as, in the discretion of the libellant, is necessary for her own suitable support and that of her children, but not more than the overdue allowances."

Petition, filed in the Probate Court for the county of Middlesex on February 3, 1927, for vacation of a decree of divorce as to alimony.

The decree sought to be vacated in part was entered on June 15, 1925, in proceedings for divorce instituted by Carolyn E. Southard and, respecting alimony and custody of children was as follows: " . . . it is further decreed that the said libellant have the care and custody of Margaret Southard and Keith Southard the minor children of herself and said libellee, that the libellee shall pay to the libellant forthwith the sum of five hundred dollars as counsel fees and expenses, and shall pay as an allowance for the support of herself and their two children the following amounts: $583.33 on September 1, 1925; $808.33 on October 1, 1925; $808.33 on November 1, 1925; $808.33 on December 1, 1925;

$808.33 on January 1, 1926; $783.33 on February 1, 1926; $583.33 on March 1, 1926, and $583.33 on the first day of each and every month thereafter.

"In the event of the death of the libellee during the life of the libellant before February 1, 1926, the amounts as above set forth shall be paid to the libellant out of his estate as a charge thereon.   In the event of the death of the libellee during the life of the libellant after February 1, 1926, the sum of $583.33 shall be paid to the libellant out of the libellee's estate on the first day of each month as a charge thereon until further order of this Court.   As security for the performance of this decree the libellee shall keep his life insured in the sum of Twenty-five thousand Dollars ($25,000) payable on his death to Carolyn E. Southard (the libellant) but in trust nevertheless to invest the same and to apply the income thereof to the payment of any allowances that may be due to the libellant hereunder and, in case the estate of the libellee is insufficient to pay such allowances, to use such part of the principal of said trust fund as, in the discretion of the libellant, is necessary for her own suitable support and that of her children, but not more than the overdue allowances.

"On the death of the libellant the balance of said trust fund shall be divided equally between Margaret Southard and Keith Southard, the issue of either deceased to take the parent's share by right of representation, or in case of the death of one without issue, the survivor or the issue of the survivor shall receive the whole trust fund.

"The libellant shall at all times be entitled to full knowledge regarding insurance, and premium receipts thereon shall be sent to her.   The insurance shall not be used as collateral and shall be payable to said beneficiary without power of substitution during her life."

The petition was heard by *Leggat,* J., and was dismissed. There was no report of facts by the judge.   Annexed to the decree sought to be vacated in part was a form of decree in the terms stated in the opinion to have been agreed to by the parties, which bore their assent in writing.

The petitioner appealed from the denial of the petition.

*David J. O'Connell*, for the petitioner.

*A. M. Beale*, for the respondent.

CARROLL, J. This is a petition, dated February 3, 1927, by the libellee in a divorce proceeding in the Probate Court, to vacate a decree of divorce with alimony granted to his wife on June 15, 1925. It is alleged in the petition that the court had no jurisdiction to make the decree awarding alimony, because it ordered the payment of alimony to continue after the decease of the libellee, because it was not limited to the amounts due at his decease, and because it required him to keep his life insured as security for the payment of alimony after his death.

The libellant and libellee agreed in writing that the sums stated should be paid on the designated dates by the husband to the wife; that in the event of his death before February 1, 1926, the amounts as stated should be paid from his estate; and if he died after February 1, 1926, the amounts agreed on should be paid from his estate on the first day of each month. As security he agreed to keep his life insured in the sum of $25,000, payable to his wife, but in trust as set out in the agreement for her support and the support of their children. In the Probate Court a decree *nisi* was granted, for the cause of cruel and abusive treatment on the part of the libellee, to become absolute after the expiration of six months; custody of the two minor children was given to the libellant, and the libellee was directed to make payments substantially as agreed to by the parties.

There are a number of decisions holding that liability for alimony ceases with the death of the libellee. *Stone* v. *Duffy*, 219 Mass. 178, 182. *Knapp* v. *Knapp*, 134 Mass. 353, 355. These cases however merely decided that payments were not to extend beyond the life of the libellee when the decree was silent on the subject. *Stratton* v. *Stratton*, 77 Maine, 373, 380, and cases cited. See in this connection *Brown* v. *Brown*, 222 Mass. 415, 416, 417, and 19 C. J. 278, 279.

The court had jurisdiction of the subject matter. G. L. c. 208, § 34. St. 1922, c. 532, § 6. It had jurisdiction of the parties and they agreed upon the amount and extent of alimony. The court could in these circumstances decree

that the alimony should extend beyond the lifetime of the libellee. The authorities in other jurisdictions support this contention. *Stratton* v. *Stratton, supra. O'Hagan* v. *O'Hagan*, 4 Iowa, 509. *Burr* v. *Burr*, 10 Paige, 20; affirmed 7 Hill, 207. *Storey* v. *Storey*, 125 Ill. 608. *Stone* v. *Bayley*, 75 Wash. 184; 48 L. R. A. (N. S.) 429. We know of no reason which prohibited the Probate Court from entering such a decree and securing its performance by directing the libellee to keep his life insured. G. L. c. 208, § 36. See *Stone* v. *Bayley, supra.* The decree dismissing the petition is affirmed.

*Ordered accordingly.*