[Civ. No. 7035. Second Appellate District, Division Two.—March 26, 1932.]

LUCY C. ROBERTS, Appellant, v. EDWARD ROBERT HIGGINS, as Executor, etc., Respondent.

Pacht, Pelton & Warne and Paul L. Rolston for Appellant.

Earl D. Killion for Respondent.

FRICKE, J., pro tem.—Appellant Lucy C. Roberts was granted a final divorce from the deceased, Theodore Roberts, with alimony fixed at $75 a month, later raised to $100 a month which was paid by the deceased up to the time of his death in December, 1928. Appellant, on February 20, 1929, presented a claim against the estate demanding the alimony payments for the months of January and February. The claim was rejected and this action was com-

menced to enforce the payment thereof. A demurrer to the complaint was sustained and, appellant having declined to amend the complaint, the court entered judgment in favor of the respondent. ■ The only question involved in the appeal is whether alimony granted to a wife in a decree of divorce terminates upon the death of the husband.

In passing upon a similar claim by a wife in a case where the order for alimony, made pursuant to a stipulation in open court, provided that the husband pay the wife "the sum of fifty dollars on the first day of each and every month during the remainder of her natural life", the decree was interpreted not as an award of permanent alimony, but an award of a life annuity given in lieu of a division of the property of the spouses and not as resting upon the obligation which the law imposes upon the husband to support the wife. Commenting upon the decisions of other jurisdictions wherein it is held that provisions for the support of the wife in divorce decrees cease upon the death of either spouse, the court says: "If the provision in the decree here under consideration were merely the ordinary provision for the payment of permanent alimony, then we might be constrained to follow those decisions, because provisions for the payment of alimony made not upon the consent of the parties, but usually against the opposition of one of the spouses, are founded upon the legal obligation which the law imposes upon the husband to support the wife, and that obligation comes to an end upon the death of either spouse. So, regardless of the language used by a court in making a provision in its decree for the payment of alimony, that provision ceases to be effective upon the death of either spouse." (*Parker* v. *Parker*, 193 Cal. 478 [225 Pac. 447].) The rule there stated and the reasons given therefor are determinative of the case before us.

The judgment is affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.