[No. 25560. Department Two. August 16, 1935.]

CLIMENA F. MURPHY, *Respondent*, v. PEARL M. SHELTON *et al., Appellants.*[1]

*W. C. Losey,* for appellants.

*E. L. Sheldon,* for respondent.

STEINERT, J.—This is an action to recover from a decedent's estate installments of alimony accruing after the death of the husband, who was the defendant in a former divorce action. Trial by the court resulted in findings and conclusions, based upon which a judgment was entered in favor of plaintiff. The defendant executors have appealed.

In an action brought by Climena F. Murphy, respondent herein, against her husband, Hugh Gordon

[1]Reported in 48 P. (2d) 247.

Murphy, a decree of divorce, granted to both parties, was entered May 17, 1929. By the terms of the decree, each of the parties was awarded certain properties, both real and personal. The wife was also awarded a life estate in still other real property. The husband was ordered to pay all taxes and insurance on the property covered by the life estate and, in addition thereto, was directed to pay the wife the sum of fifty dollars per month for her support. The time for which the payments were to run was not specified in the decree. To secure such payments, however, the amounts were made lienable upon the property in which the wife was granted a life estate.

Mr. Murphy died testate April 28, 1933, and, upon the probate of his will, the appellants herein duly qualified as executors. The respondent filed a claim for alimony accruing from February 15, 1933. The executors allowed and paid the claim in an amount representing the alimony due and owing on the day of Mr. Murphy's death, but disallowed the claim for any amount accruing thereafter. This action was subsequently commenced to recover the amount disallowed and to have the amount of the judgment declared a lien upon the property in which the wife was given a life estate.

The sole question presented upon the appeal is whether the obligation to pay the alimony provided by the decree survived the death of the husband.

Under the rule at common law, the obligation to pay alimony is regarded as a personal one and terminates upon the death of either the husband or the wife. *Wilson v. Hinman,* 182 N. Y. 408 (413), 75 N. E. 236, 108 Am. St. 820, 2 L. R. A. (N. S.) 232; *Parsons v. Parsons' Estate,* 70 Colo. 333, 201 Pac. 559, 18 A. L. R. 1038; 19 C. J. 278, § 633; 1 R. C. L. 933, § 80.

This rule has been modified by statute in many states, so that now, generally, the courts have the *power* to provide in their decrees that alimony shall continue after the death of the obligor and be payable out of his estate. There is some diversity of opinion in the cases as to the degree of certainty that must appear in the decree itself relative to the time that the alimony is to continue. In many states, it is held that, where a decree of absolute divorce grants alimony by general provision only, calling for regular, periodical payments to the wife for her support, such provision does not relate to periods after the death of the husband; or, at least, that the presumption is that such provision does not embrace periods after the husband's death, unless they are specifically included. In other states, a somewhat broader view obtains, and it is therein held that whether a provision for periodical payments to the wife for support, upon absolute divorce, abates on the husband's death, depends upon the circumstances as reflected by the decree. In those cases, the important thing is not so much what the court may have specifically said in its decree as to the duration of the periods, but rather what, from all the circumstances, it is fairly apparent from the language of the decree the court intended. The cases on the subject are assembled and quite exhaustively discussed in 2 L. R. A. (N. S.) 232, and 18 A. L. R. 1040, and we shall, therefore, not give the space necessary to a comparative analysis of them here.

Our statute, Rem. Rev. Stat., § 988 [P. C. § 7507], relative to divorces, not only gives the court the power, but also enjoins upon it the duty, to make all necessary provisions for alimony, support and education of the children, and management and division of the property. By chapter 112, Laws of 1933, p. 432,

§ 988 was so amended as to give the court the power to modify, alter or revise all orders and judgments relative to alimony and support, from time to time as circumstances may require. Although that amendment became effective after the death of Mr. Murphy, we mention it here as indicating the general policy of this state in such matters. Whether or not the court had the power, in the first instance, to *modify* the decree in this case is, at this time, immaterial; the fact is that the decree has never been modified.

But the immediate question before us is not whether the court had the *power* to provide alimony beyond the death of the husband, but whether, in this instance, the court exercised its power to that extent.

Appellant concedes that the court had such power, and we, too, are clearly of the opinion that it did have it. But it is likewise clear to us that the court did not, in its decree, make any provision for payments beyond the death of the husband. It merely provided in general terms that the husband should pay alimony in monthly installments of fifty dollars, without designating how long such payments should run. Further, there is not only a total absence of any specific direction in that respect, but there are no circumstances indicating that the court intended to provide for payment during the period subsequent to the death of the husband.

In the light of the reasoning furnished us by the many cases upon the subject, and at the same time having due regard for the liberal policy obtaining in this state in such matters, we are of the view (1) that the court has the *power* to prescribe in its decree that alimony shall continue beyond death; but (2) that, if the court exercises such power, the provision for continuance of such payments after death must either be specifically stated in the decree, or else its language

184

must be so clear and unmistakable as to indicate that the court intended that the decree should have that effect. In the absence of specific statement or clear intention, it will be presumed that the payments abate upon the death of either spouse.

The instant case falls within the negative presumption, and the facts appearing upon the record exclude the right of recovery as sought.

The judgment is reversed, with direction to the trial court to dismiss the action.

MITCHELL, HOLCOMB, and BLAKE, JJ., concur.