IN RE ESTATE OF HARRY J. YOSS.

OLIVE YOSS, Appellee, v. OTTO OLERICH, Administrator, Appellant.

No. 46912.

OCTOBER 15, 1946.

R. L. Sifford, of Carroll, for appellant.

R. G. Howard and O. W. Harris, both of Jefferson, for appellee.

GARFIELD, C. J.—The question presented is whether decedent's divorced wife upon the death of her former husband ceased to be entitled to monthly allowances awarded her as alimony. Although considerable authority from other jurisdictions bears directly on this question it seems to be an open one in this state.

Plaintiff and decedent were married in 1906 and lived together until July 1927. They had one child. Upon their separation they entered into a written agreement which settled "all their property rights" in case a divorce should be granted. It provided the agreement "shall be incorporated into and made a part of such decree" and that an eighty-acre farm (then worth $16,000 but subject to mortgages of $12,000) and personal property on the farm (then worth $5,000) shall be the husband's property, the household goods shall be divided between the parties, the costs of any divorce action shall be paid one half by each party, and from the time any divorce may be decreed, the husband shall pay monthly on the first day of each month for the benefit of the wife $1 per day for the last preceding month *during the life of the wife.*

On the day the agreement was signed, plaintiff commenced suit for divorce. The decree, signed September 17, 1927, provides:

"It is therefore hereby ORDERED, ADJUDGED AND DECREED, That the plaintiff be and she is hereby granted an absolute divorce * * *

"And it being further shown to the court that the plaintiff and defendant have entered into an agreement as to settlement of their property rights in and to the property held by them, and the court, having examined said agreement * * * finds that the same is just and proper, and should be approved, and a copy of said agreement is attached to this decree, made a part hereof as fully as if recopied and set out herein in full. That based upon said settlement, the defendant is to pay to the plaintiff alimony at the rate of $1 per day, payable monthly on the last day of each and every month, and judgment for said amount is now entered against the defendant * * *.

"It is further hereby ordered, adjudged and decreed that each of the parties hereto shall pay half of the costs of this action * * *."

Decedent made the monthly payments until his death in February 1945. In April following, plaintiff filed her claim in probate for the allowance of the monthly payments following the husband's death. The court established the claim and the administrator has appealed.

The administrator contends in effect that the stipulation of settlement was merged in the divorce decree, which does not provide that the monthly payments of "alimony" continue after the husband's death, and therefore plaintiff's right to subsequent payments was terminated by such death.

It is undoubtedly the general rule that periodic payments of alimony to a divorced wife terminate, or at least are presumed to terminate, upon the husband's death, in the absence of a provision in the decree which requires the payments to continue after such death. 17 Am. Jur. 473, section 608; 27 C. J. S. 998, 999, section 240b; 2 Schouler on Marriage, Divorce, Separation and Domestic Relations, Sixth Ed., 1995,

section 1833; annotations 18 A. L. R. 1040, 1045; 101 A. L. R. 323, 324. There is some authority that a court has no power without the husband's consent to require payments of alimony to continue after his death. Ibid. In general, the reason for the above general rule is that an allowance of alimony is a substitute for the right of marital support and since such right of support terminates upon the husband's death, periodic payments of alimony should also terminate with the husband's death.

Almost without exception, however, the authorities hold that parties to a divorce suit have the right to agree that periodic payments to the wife shall continue after the husband's death or for the lifetime of the wife and where such agreement is approved by the court it is valid and enforceable against the husband's estate. 27 C. J. S. 998, 1000, section 240b; Schouler Divorce Manual (1944) 419, 421; section 280(d); 2 Nelson on Divorce and Annulment, Second Ed., (1945) 73, 74, section 14:63; annotations 18 A. L. R. 1040, 1055, 1056, 101 A. L. R. 323, 327, 328. Especially is this so where the agreement provides for the settlement of all property rights between the parties.

Here the agreement is a complete settlement, subject to the court's approval, of all property rights between plaintiff and decedent. It provides that the monthly payments shall be made during the life of the wife. There can be no doubt that the parties had the right to make such an agreement, subject to court approval, and the court could approve it if it appeared to be just and proper. Whittier v. Whittier, 237 Iowa 655, 662, 23 N. W. 2d 435, 440, and authorities cited.

■ We may accept the administrator's contention that the stipulation became merged in the decree and if the latter conflicts with the former, the decree should control. See Duvall v. Duvall, 215 Iowa 24, 29, 244 N. W. 718, 83 A. L. R. 1242 and cases cited. The basis for his argument is that the decree refers to the monthly payments as "alimony" and does not, except by reference to the stipulation, provide for their continuance after decedent's death. We think the effect of the decree is to require the monthly payments to continue during plaintiff's life.

■ The decree should be construed in accordance with its evident intention. Indeed the determinative factor is the intention of the court as gathered from all parts of the decree. Effect is to be given to that which is clearly implied as well as to that which is expressed. Whittier v. Whittier, supra, and authorities cited; Rank v. Kuhn, 236 Iowa 854, 856, 20 N. W. 2d 72, 74. In determining the effect of the decree the agreement is properly to be considered. Dickey v. Dickey, 154 Md. 675, 141 A. 387, 58 A. L. R. 634, 637.

It is clear from the decree that the court intended to and did in fact approve the stipulation of settlement which is made part of the decree as fully as if set out therein in full. The provision in the decree for the monthly payments is expressly "based upon said settlement." To adopt the administrator's contention would require us to give no effect to these provisions of the decree. Effect cannot be given to the whole decree without including the stipulation as part thereof. Incidentally, we may observe that the provision in the decree for division of the costs is strictly in accord with the stipulation.

The fact that the decree refers to the monthly payments as "alimony" is not controlling. Such reference is insufficient to show that the court intended the payments to terminate upon the husband's death. Dickey v. Dickey, supra, 154 Md. 675, 141 A. 387, 58 A. L. R. 634, 637; North v. North, 339 Mo. 1226, 100 S. W. 2d 582, 109 A. L. R. 1061, 1066, and cases cited. The important fact is that the decree adopts the prior agreement which expressly provides for the payments to be made during plaintiff's life.

There is an unimportant conflict between the stipulation and decree in that the former provides the monthly payments shall be made on the first day of the month while the decree fixes the last day of the month as the time for payment. We approve the trial court's holding that this provision of the decree is controlling. In other respects we see no conflict between the stipulation and the decree.

These are some of the cases, in addition to those heretofore cited, which tend to support our decision: Stratton v.

Stratton, 77 Maine 373, 52 Am. Rep. 779; In re Mesmer's Estate, 94 Cal. App. 97, 270 P. 732; Jennings v. First Nat. Bk., 116 W. Va. 409, 180 S. E. 772, 100 A. L. R. 494; Storey v. Storey, 125 Ill. 608, 18 N. E. 329, 1 L. R. A. 320, 8 Am. St. Rep. 417; Southard v. Southard, 262 Mass. 278, 159 N. E. 512; Barnes v. Klug, 129 App. Div. 192, 113 N. Y. Supp. 325.

O'Hagan v. Executor of O'Hagan, 4 (Clarke) Iowa 509, 516, 517, holds that a pending petition by a divorced wife for modification of the alimony provisions of the decree abates upon the death of the divorced husband. The opinion contains dictum to the effect that payments of alimony may be made payable after the death of the husband and enforced against his estate.—Affirmed.

OLIVER, HALE, BLISS, WENNERSTRUM, SMITH, MANTZ, and MULRONEY, JJ., concur.

HAYS, J., takes no part.