GREEN *v.* STARLING.

No. 15943.   NOVEMBER 12, 1947.

12

*A. B. Spence* and *Harry M. Wilson,* for plaintiff.

*E. O. Blalock,* for defendant.

BELL, Justice.   We think that the court erred in holding that, under the terms of this consent verdict and judgment, the former husband was not liable for any of the instalments that accrued after remarriage of his former wife.   Since it appears that both the verdict and the judgment adopted the precise terms of the agreement as to alimony, whether it was in writing or not—their meaning and effect should be determined at least substantially by the rules for construction of contracts, the cardinal rule being to ascertain the intention of the parties.   *Brown* v. *Farkas,* 195 *Ga.* 653 (2) (25 S. E. 2d, 411).

.If the verdict had simply awarded $30 per month without any statement as to the number of months or length of time for which payments at that rate should be made, and without awarding title to other property, a very different question might have been presented, and this is true regardless of consent.   The verdict, however, was not only based upon consent of the parties, but it stated a specific period of time for which the husband should pay monthly instalments of $30 each, to wit, for three years beginning November 1, 1946, and it also required him to pay designated hospital and medical bills, and then further awarded to the wife an automobile and described real estate.   We use the word *verdict* for the sake of brevity, as both the verdict and the judgment constitute the basis of the present proceeding.

According to the petition, all that was described in the verdict was awarded as "alimony," and therefore no part of it can be considered as a settlement of property rights aside from alimony. Nevertheless, we think that the verdict should be considered as a whole, even though it may not be strictly in the form of a lump-sum award.

"Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." Code, § 30-201. It is also declared in the Code that, in cases of voluntary separation or abandonment of the wife, the husband may voluntarily by deed make adequate provision for the support and maintenance of his wife, consistent with his means and her former circumstances, which shall be a bar to her right to permanent alimony. See §§ 30-210, 30-211.

In *Melton* v. *Hubbard*, 135 *Ga.* 128 (68 S. E. 1101), it was held: "1. A valid agreement may be made between husband and wife, contemplating an immediate separation, for a separate allowance to the wife for her support. . . 2. In such an agreement where the husband promises to pay a lump sum for the wife's support, payable in instalments, and the wife dies before all the instalments are paid, her executor may sue for the unpaid instalments as they severally mature." While there was a dissent as to one ruling in that case, the statements just quoted were concurred in by all the Justices.

It is true that in that case a lump sum was stated, payable in instalments, whereas in the present case the total sum of the thirty-six instalments was not expressly stated. Whether or not this difference in express language or calculation, without more, would constitute sufficient basis for a legal distinction between the two cases—treating death and marriage each as a contingency that might happen before all instalments were due—yet in the instant case there are additional facts which would seem to bring it within the principle ruled in the *Melton* case, when the verdict here is considered as a whole, and in the light of the consent of the parties on which it was based. It is clear that the automobile and the real estate were awarded absolutely and in fee simple, and that the subsequent marriage of the divorced wife did not affect her title to either of these properties. *Wise* v. *Wise,*

156 *Ga.* 459 (119 S. E. 410). It may be that, if additional property had been awarded in like manner, the instalment feature would have been omitted, but that for some reason satisfactory to the parties, a present equation was struck whereby specific properties were to be awarded in fee simple in part satisfaction, while the remainder was to be supplied by an unconditional obligation to pay $1080 at the rate of $30 per month for the definite period of three years; or it may be that the husband did not own other property which he could deliver in fee simple, and therefore under the same equation the instalment payments were agreed upon. Furthermore, the maxim *noscitur a sociis*, if not also *ejusdem generis*, would seem to be applicable. That is to say, since the parties had in mind that the automobile and real estate should be awarded specifically and in fee simple, did they not at the same time and in like manner intend that the instalment payments should be unconditional? 28 Words & Phrases (Perm. Ed.), 766.

The present case is distinguished by its facts from *White* v. *Murden,* 190 *Ga.* 536 (9 S. E. 2d, 745), in which it was held that an allowance of money in a decree for divorce and alimony, made purely for the use of the wife and payable in monthly instalments, ceases upon her remarriage. While the verdict in that case awarded $600 as permanent alimony, payable in monthly instalments of $50 each, and the record shows that the verdict there was rendered by consent, there was no other award, either of money or property. The decision in that case should also be construed in the light of the statement at the beginning of the opinion as to the sole question that was argued by counsel, to wit, "whether or not an allowance of alimony in money, in a decree for divorce and alimony, made solely for the use of the wife and payable in monthly instalments, would cease on her remarriage." See also, in this connection, *Roberson* v. *Roberson,* 199 *Ga.* 627 (4), 630 (34 S. E. 2d, 836).

The parties here knew that a divorce might be granted and hence that each might presently be free to marry again. There is no statute in this State prohibiting an allowance or payment of alimony in instalments after remarriage of a divorced wife, and we do not think that the verdict and judgment in this case when considered in their entirety can be reasonably construed as

implying a condition that the instalments should cease on the happening of such event. It would have been so easy to state such condition in express terms, if it had been intended, and therefore the absence of any such statement, viewing the verdict as a whole, would seem to be rather strong evidence that the obligation was intended to be unconditional.

The question as to whether, and under what circumstances, the remarriage of a divorced wife will abate an allowance of alimony payable in instalments, has occasioned a multitude of decisions throughout the country, and there are numerous annotations and discussions by law publishers dealing with the question. On the general subject, see 17 Am. Jur. 474, 494, 495, 500, §§ 610, 648, 649, 657; 27 C. J. S. 993, § 239; 30 A. L. R. 79; 42 A. L. R. 602; 58 A. L. R. 639; 64 A. L. R. 1269; 100 A. L. R. 1262; 112 A. L. R. 246.

*Judgment reversed. All the Justices concur, except Atkinson and Head, JJ., who dissent; and Wyatt, J., who took no part in the consideration or decision of this case.*