BIRNSTILL *v.* BIRNSTILL.

4-9344                                    234 S. W. 2d 757

Opinion delivered December 18, 1950.

*Marvin A. Hathcoat,* for appellant.

*John H. Shouse,* for appellee.

HOLT, J. April 29, 1950, appellee, H. Fred Birnstill, sued for, and on the same day procured, a decree of divorce from appellant on the ground of separation for three years without cohabitation and the only issues presented, says appellant, are: ''Whether the plaintiff (appellee), at the time, had been a resident of the State

of Arkansas for the length of time required by law, and the question of the property rights between the parties."

—1—

The preponderance, if not all, of the evidence shows that appellee moved from New York and established his home on a small tract of land (approximately ten acres) near Omaha, on January 9, 1950. He has lived on the property since and intends to make it his permanent home. He had purchased it about six years before. We hold that appellee had established residence requirements in accordance with the first subdivision of § 34-1208 Ark. Stats. (1947), which requires residence of three months next before the decree and two months next before the commencement of the suit.

—2—

As to the property rights. The decree recites: "It is . . . decreed . . . that plaintiff (appellee) pay defendant the sum of $60, payable $10 on May 1, 1950, and a like sum on the first day of each succeeding month until said amount is paid; that plaintiff pay all costs of this action including a $100 fee to attorney for defendant, said $100 to be paid not later than December 31, 1950."

The court, in effect, directed a lump sum payment of $60 (payable in six monthly installments of $10 each) as alimony and in so doing, went beyond his authority. The rule was announced by this court in the early case of *Brown* v. *Brown*, 38 Ark. 324, where it was held: (Headnote 6) "The court should not decree absolutely a certain and specific sum of money as alimony. Alimony is not a sum of money, nor a specific proportion of the husband's estate given absolutely to the wife, but is a continuous allotment of sums, payable at regular intervals, for her support from year to year, and continues only during the joint lives of the parties, or, in case of divorce from the bonds of matrimony, until the wife marries again, and should be a reasonable and certain sum, having in regard her state and condition in life, and the estate and income

of her husband, and be payable at stated and proper times.''

The amount of such allowance is always in the sound discretion of the trial court.

The record reflects that the parties here were each 65 years of age at the time of the divorce and had been married since 1913. They separated in 1943. They had a daughter engaged in teaching (for about 15 years) in Buffalo, New York, and it appears that she is able and willing to care for her mother. The daughter owns her own home (7 rooms, modern and free of debt). Appellant lives with her and is absolutely dependent upon her for support. The daughter rents the two upstairs rooms in her home.

The appellee suffered amputation of his right arm (at the shoulder) about 45 years ago, and some 15 years ago fell and so injured his left arm as to render it practically useless. He has a housekeeper to whom he paid $40 per month. On being questioned by the court, he testified: ''Your left arm was crippled. You say this lady who is now in the courtroom is your housekeeper? A. Yes, sir. COURT: Is it necessary that you have a housekeeper? A. It is absolutely necessary. I can't even take care of myself properly.''

Appellee's home is worth approximately $1,000. He also owns a two-room house on leased land from the Missouri Pacific Railroad Company, for which he paid $100, and has been renting for $10 per month. He has no other property, but receives a pension of $85 per month.

In these circumstances, we hold that the error in the decree may be corrected by modification here, directing appellee to pay to appellant permanent alimony in the amount of $10 per month, these payments to continue subject to any future changed conditions or circumstances affecting the parties in interest.

''While a decree fixing alimony and maintenance for the support of the wife limits and defines the extent of the husband's obligation in that respect, it is always subject to modification by the court to meet the changed

situation and condition of the parties in interest, and may be increased or decreased as necessity requires," *Pledger* v. *Pledger,* 199 Ark. 604, 135 S. W. 2d 851, (Headnote 3).

With the above modification, the decree is affirmed.