GEORGIANA G. MASTERS, APPELLANT, V. CLARENCE E. MASTERS, APPELLEE.

52 N. W. 2d 802

Filed April 4, 1952. No. 33138.

*Edwin D. Crites* and *Albert W. Crites,* for appellant.

*Greydon L. Nichols,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The plaintiff filed an application in the district court for Dawes County to revive a judgment entered in her favor in a divorce action. The second wife of the defendant Clarence E. Masters, deceased, as executrix of his estate, appeared specially, objecting to the jurisdiction of the court over the subject matter of the action. Two claims were filed by the plaintiff in the estate matter, one for monthly installments in arrears to the date of death of Clarence E. Masters, which payments were made by the executrix and the claim settled. The second claim is a contingent claim for alimony payments in monthly installments to be paid out of the deceased's estate for and during the natural life of the plaintiff. The trial court, after hearing had, sustained the special appearance of the executrix. The plaintiff filed a mo-

tion for new trial which was overruled. From the order overruling the motion for new trial, the plaintiff appeals.

It appears from the record that the plaintiff Georgiana G. Masters and Clarence E. Masters were married on July 1, 1901. The children of the parties have reached their majority and are self supporting, so no minor children are here involved. The plaintiff obtained an absolute divorce from the defendant on October 12, 1933. In the decree the following is stated: "And it is forther (further) ordered, adjudged, considered and decreed by the Court that under the property settlement heretofore made between plaintiff and defendant, which is hereby confirmed by the Court, there is hereby set over to the plaintiff as her sole and absolute property, the homestead, (which is described) * * * (subject to existing encumbrances), and all the household furniture * * * and * * * effects, and that defendant pay to the plaintiff as alimony, the sum of fifty dollars ($50.00) per month on or before the 15th day of each month, beginning on the 15th day of October, 1933, and until the further order of Court, * * *."

When the plaintiff and defendant were married, he was engaged in the watch-repair business, having a space in his uncle's drug store at Crawford, Nebraska. The plaintiff taught music in the public schools. Through the plaintiff's efforts and with some money that she had, they expanded the business to include jewelry. Subsequently the defendant took a course in optometry, returning to Crawford to practice his profession, where he remained for a while. He thereafter believed that Chadron, being without an optometrist, would afford him many more advantages. He went to Chadron and opened an office there, leaving the plaintiff to believe that the family would move to Chadron. Instead, he desired her to get a divorce, which she did on October 12, 1933. The record does disclose that through her efforts she was of great help and benefit to the defendant in his business and in getting a start in his profession.

In July of 1934, the defendant married Bernice E. Masters. At that time she was living with her mother, and working. She and the defendant lived in the mother's home until the mother passed away. At that time defendant's wife bought out the other heirs and became the sole owner of the real estate. She had previously, by inheritance, received a farm from her father. She loaned her husband money on occasions to help him build a new office and procure an automobile after his car had been taken from him by his first wife. In addition, a friend of hers loaned the defendant some money for the purpose of procuring a new office. Through their joint efforts they created an estate, the exact amount of which is not reflected in the record, but of a modest sum. At the time of defendant's marriage to his second wife he had no property other than the income received from his earnings from which he was obligated to pay the monthly alimony installments to the plaintiff. Defendant died on October 3, 1948.

The question presented in the instant case may be summarized as follows: Does the judgment of the district court, as a part of a decree of divorce obtained by a wife against her husband, which provides for the payment of a fixed monthly sum, as alimony, until further order of the court, automatically abate upon the death of the husband so as to release his estate from any further obligation to make the payments, even though the court has never entered a further order with respect to them? This precise question has not been previously before this court.

The plaintiff assigns as error that the order of the trial court was contrary to the evidence and to the law.

The following authorities are pertinent to a determination of this appeal.

In Metschke v. Metschke, 146 Neb. 461, 20 N. W. 2d 238, the wife was awarded $8,000 alimony payable $300 semiannually, requiring more than 13 years to complete the payments. It developed that in order to complete

the payments the husband would have to live out his life expectancy. The court said: "In considering small payments of alimony extending over many years, there are cases in which this may be a proper solution for the payment of alimony, but 'Generally, we do not approve of allowing alimony in the form of an annuity, or requiring the husband to pay a fixed sum each month during the life of the other party, or for an indefinite period of time.' Dunlap v. Dunlap, 145 Neb. 735, 18 N. W. 2d 51. See, also, Martin v. Martin, 145 Neb. 655, 17 N. W. 2d 625." This court disapproved the decree providing for payments of alimony long past the natural expectancy of life of one who is to provide such payments.

In the case of DeWaal v. DeWaal, 148 Neb. 756, 29 N. W. 2d 371, the court said: Great latitude is allowed the trial court under section 42-318, R. S. 1943, not alone in fixing the amount of alimony, but also in determining the manner of its payment. The court may provide that, in case of the death of the wife, the husband's estate shall only be liable for a definite amount. The wife was granted alimony of $6,500, payable at the rate of $60 a month, requiring a little over 9 years to complete the payments, but in case of the prior death of the wife, payment of installments not due should terminate, and in case of the prior death of the husband then his estate should be liable for a maximum of $5,039.74 as alimony. It will be observed that the decree specifically provided how the payments should be made and the liability of the husband for such payments determined therein. This court has taken the position that the trial court should be free to fix the amount of alimony and how it should be paid. The decree may provide that upon the death of the husband his estate may be held liable for a less amount, as in the case at bar; it being understood that any monthly payments of alimony which might be in default upon the date of death of the wife must be paid in full. See, also, Met-

schke v. Metschke, *supra;* Dunlap v. Dunlap, 145 Neb. 735, 18 N. W. 2d 51.

The foregoing-cited authorities of this state clearly indicate that in a decree of divorce where the parties contract or stipulate, or the court so determines, installment payments of alimony may be incorporated therein to be paid out of the estate of the husband, but not otherwise.

"The right to receive alimony and the duty to pay it are generally considered as terminating on the death of either of the parties where no statute to the contrary exists and the decree is silent on the subject, although the courts generally have the power to provide for the continuance of alimony after the husband's death." 27 C. J. S., Divorce, § 240, p. 999.

There are a number of cases which take the view that, in absolute divorce, a provision for regular, periodical payments to the wife for her maintenance and support should not relate to periods after the death of the husband; or, at least, that the presumption is that such a provision will not embrace such periods unless they are specifically included. See annotations to 18 A. L. R. 1040 and 101 A. L. R. 323. The court considers that in the absence of disclosing intention, alimony does not survive the former husband's death.

In Lennahan v. O'Keefe, 107 Ill. 620, the decree with reference to annual payments provided the husband was required to pay his wife $400 per annum, payable semi-annually, as alimony, until the further order of the court. It was held that under the reservation in the decree giving alimony, as well as under the statute, the court was authorized to declare the alimony terminated, that is, it abated upon the death of the husband. See, also, Stahl v. Stahl, 114 Ill. 375, 2 N. E. 160.

Alimony decreed upon the dissolution of a marriage, if payable in installments, is, unless otherwise specially provided, an allowance for the support of the beneficiary during the joint lives of herself and her

divorced husband. See, Craig v. Craig, 163 Ill. 176, 45 N. E. 153; Maxwell v. Sawyer, 90 Wis. 352, 63 N. W. 283; Wallingsford v. Wallingsford, 6 Harr. & J. (Md.) 485.

Other cases take the view that whether a provision for periodical payments to the wife in absolute divorce, for support and maintenance, abates on the husband's death or not, depends upon circumstances. This is referred to as the broader view. We see no necessity to separately cite cases adopting the broader view as some of them appear in the following cited cases.

In Murphy v. Shelton, 183 Wash. 180, 48 P. 2d 247, the court held: "A judgment for alimony in general terms requiring payments of $50 a month, without specifying the period of the payments, terminates on the death of the husband, where there are no directions or circumstances indicating an intent to provide for payments after his death." See, also, Roberts v. Higgins, 122 Cal. App. 170, 9 P. 2d 517; Miller v. Superior Court, 9 Cal. 2d 733, 72 P. 2d 868; Borton v. Borton, 230 Ala. 630, 162 So. 529, 101 A. L. R. 320; Storey v. Storey, 125 Ill. 608, 18 N. E. 329, 1 L. R. A. 320, 8 Am. S. R. 417.

In the instant case the property settlement of the parties was agreed upon by them. The trial court, after considering the circumstances, confirmed this agreement and decreed judgment accordingly. It is obvious that the intention of the plaintiff and defendant, at the time they negotiated the property settlement in the divorce action, was that the installments of $50 a month were to be paid out of the income derived by the defendant from his profession. He had no other property. The trial court apparently understood and recognized the fact as evidenced by the decree.

The plaintiff claims, in an affidavit appearing in the record, that the defendant was to pay her $50 a month alimony which would be increased to $100 a month when his income and business had progressed to the extent that it was warranted, and that such amounts would

be paid during the natural life of the plaintiff. However, she made no effort, from the date of the rendition of the decree in her divorce action in October 1933, to attempt to have the decree modified to include what she claimed. The defendant died on October 3, 1948, and at that time the alimony payments were in arrears $1,243.37, which clearly indicates that the plaintiff, for a period of at least two years prior to defendant's death, was not interested in securing a modification of the decree.

Under either view, whether the same be called a restricted view as some of the cases indicate or the broader view, the plaintiff, under the circumstances of this case, would not be entitled to the relief she seeks.

We conclude the trial court did not err in sustaining the special appearance of the executrix of the estate of Clarence E. Masters, deceased, and the judgment of the trial court should be and is hereby affirmed.

AFFIRMED.