RAMSAY, guardian ad litem, *et al.* v. SIMS *et al.*

No. 17824. ARGUED APRIL 15, 1952—DECIDED JUNE 9, 1952— REHEARING DENIED JULY 15, 1952.

*James A. Branch* and *Thomas B. Branch Jr.*, for plaintiffs in error.

*MacDougald, Troutman, Sams & Schroder, Gambrell, Harlan, Barwick, Russell & Smith, T. M. Smith* and *James C. Abbott*, contra.

HEAD, Justice. Counsel for the defendants in error have strongly insisted by brief and in oral argument that the present case is controlled by the rulings of this court in *Berry* v. *Berry*, 208 *Ga.* 285 (66 S. E. 2d, 336). Counsel for the plaintiffs in error have by brief argued that the *Berry* case is not controlling, since it is readily distinguishable upon its facts. In oral argument counsel for the plaintiffs in error insisted that the court should overrule, or decline to follow, the *Berry* case, even if in point on its facts, it being contended that the decision in the *Berry* case is not sound and does not follow the weight of authority.

The decision in the *Berry* case follows the general rule that,

where alimony is awarded solely to the wife by a decree of court, and the decree does not specifically provide that the alimony payments shall continue after the death of the husband, the wife's claim for alimony is terminated upon his death. See *Berry* v. *Berry*, supra; Murphy *v.* Shelton, 183 Wash. 180 (48 Pac. 2d, 247); Birnstill *v.* Birnstill, 218 Ark. 130 (3) (234 S. W. 2d, 757); Allen *v.* Allen, 111 Fla. 733 (150 So. 237); Yoss *v.* Olerich, 237 Iowa 1092 (24 N. W. 2d, 399); Borton *v.* Borton, 230 Ala. 630 (162 So. 529); Parker *v.* Parker, 193 Cal. 478 (225 Pac. 447); Roberts *v.* Higgins, 122 Cal. App. 170 (9 Pac. 2d, 517); 27 C. J. S. 999, 1000, § 240 (b); 17 Am. Jur. 473, § 608; 18 A. L. R. 1045; 50 A. L. R. 232; 101 A. L. R. 324.

The provisions of our statutory law as codified in Chapter 30-2 of the Code have been many times construed by this court, and in at least two instances the rulings made are in accord with the decision in *Berry* v. *Berry*, supra. In *Deaderick* v. *Deaderick*, 182 *Ga.* 96 (185 S. E. 89), there was no divorce between the parties, and the award of alimony to the wife was for her natural life. The verdict and judgment in the *Deaderick* case were attacked by the husband as being illegal, void, and contrary to law, in that the verdict and judgment could not lawfully provide for the payment of alimony to the wife after she had remarried. It was held in division 3 of the opinion, on the assignment of error above set forth, that when the husband died, the wife would then have the right to remarry, and her right to alimony would cease.

In *Buffington* v. *Cook*, 147 *Ga.* 681 (95 S. E. 214), the wife was awarded a monthly sum of alimony for a limited period of time. The decree of the court provided that the wife should recover of the husband the whole amount for the full time. The wife died, and it was held that her administrator could not recover the unpaid instalments. The rule in *Buffington* v. *Cook*, supra, was overruled in *Wise* v. *Wise*, 156 *Ga.* 459 (119 S. E. 410), only in so far as the *Buffington* case might be construed as providing for a lump-sum payment to the wife.

In *Brown* v. *Farkas*, 195 *Ga.* 653 (25 S. E. 2d, 411), it was said that *Buffington* v. *Cook*, supra, did not rule upon the legality of a lump-sum award for the benefit of the wife, but, if in conflict with the ruling in the *Brown* case, it would not be

followed. The ruling in *Buffington* v. *Cook,* supra, in so far as it applies to monthly instalments of alimony, has not been over-ruled, nor has the full-bench decision in *Deaderick* v. *Deaderick,* supra, been overruled or modified by any subsequent decision.

The personal view of the writer that *Buffington* v. *Cook,* supra, and *Deaderick* v. *Deaderick,* supra, in principle support the ruling in the *Berry* case, is not material to a proper determination of the question now before the court. This is not a case based solely upon a decree which provides specifically for the payment of alimony after the death of the husband. Generally, such a decree may be enforced. Farrington *v.* Boston Safe Deposit &c. Co., 280 Mass. 121 (181 N. E. 779); Stratton *v.* Stratton, 77 Me. 373; Creyts *v.* Creyts, 143 Mich. 375 (106 N. W. 1111); 18 A. L. R. 1050; 50 A. L. R. 241.

In the present case, the husband and wife, while living in a bona fide state of separation, entered into a written contract settling all issues between them as to alimony, a division of property, and support for the two minor children of the parties. Under the provisions of the contract, the wife was to convey to the husband certain stock. It is stipulated that she has fully complied with the terms of the contract. The contract as executed by the parties was made the decree of the court by reference to a copy duly attached to the decree. A valid and enforceable contract may be made by a husband and wife, where they are living in a bona fide state of separation, settling all issues as to alimony for the wife, and providing for the support of minor children. *Chapman* v. *Gray,* 8 *Ga.* 341; *McLaren* v. *McLaren,* 33 *Ga. Supp.* 99; *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977); *Sumner* v. *Sumner,* 121 *Ga.* 1 (48 S. E. 727); *Melton* v. *Hubbard,* 135 *Ga.* 128 (68 S. E. 1101); *Watson* v. *Burnley,* 150 *Ga.* 460 (104 S. E. 220); *Brown* v. *Farkas,* supra. Where such a contract is made, providing for the settlement of questions pertaining to the joint property, and provision is made for the support of minor children, it is a general rule that such contracts are valid and enforceable after the death of the husband.

"There is no sound reason why the estate of the father should not be charged with the obligation to provide support for his minor children after his death. Thus, it has been held that

where an obligation is assumed by a father in connection with a divorce to contribute a certain amount per month and toward the support of his child, the payment to continue during its minority, but to cease upon its earlier death, such obligation is binding on his estate." 17 Am. Jur. 536, § 706. See 101 A. L. R. 328, 329; 109 A. L. R. 1061.

It has been held by this court that, after a decree for permanent alimony is entered, and the term of court at which such decree was entered has passed, it can not be amended or modified by the trial judge. *Coffee* v. *Coffee*, supra; *Wilkins* v. *Wilkins*, 146 *Ga.* 382 (91 S. E. 415); *Gilbert* v. *Gilbert*, 151 *Ga.* 520 (107 S. E. 490); *Torras* v. *McDonald*, 196 *Ga.* 347, 350 (26 S. E. 2d, 598); *Fuller* v. *Fuller*, 197 *Ga.* 719, 723 (30 ·S. E. 2d, 600); *Kirkland* v. *Kirkland*, 200 *Ga.* 873, 875 (38 S. E. 2d, 836); *Chandler* v. *Chandler*, 204 *Ga.* 40 (48 S. E. 2d, 841); *Varble* v. *Hughes*, 205 *Ga.* 29, 31 (52 S. E. 2d, 303); *Burch* v. *Kenmore*, 206 *Ga.* 277, 279 (56 S. E. 2d, 508); Yarborough *v.* Yarborough, 290 U. S. 202, 209 (54 Sup. Ct. 181). And it has been held that the parties by subsequent contract can not modify the terms of the decree so as to affect adversely the interest of minor children.

Whether or not a decree for alimony based upon and pursuant to the terms of a contract between the parties should be construed as extending beyond the scope of a decree of the court where no contract is involved, is not an open question, under the decisions of this court.

In *Coffee* v. *Coffee*, supra, the wife was awarded $5 per month for the support of minor children. The husband filed a motion to modify the decree, to which the wife filed a demurrer. The trial court overruled the demurrer, and upon review this court held: "The allowance for the support of these children rested upon a contract which, receiving the sanction of the court by judicial decree, imposed upon the husband the responsibility with which he was already charged by law, namely the support of the children. He voluntarily surrendered his parental control to the wife, and voluntarily agreed to make this provision for the support of the children. By contract she personally discharged his estate from all liability to her upon account of any claim of dower or year's support, and this voluntary surrender of these rights was subsequently confirmed by the grant of the

divorce which as effectually cut her off from all right to demand any portion of her husband's estate upon account of dower or year's support as though she had never been married to him. She became, by virtue of this decree, in her capacity as trustee for her minor children, a judgment creditor, and the court could no more vacate that judgment so rendered in her favor than it could vacate a judgment rendered against the husband in favor of a creditor of his upon any other account. Whatever right of revision of this decree may have existed was extinguished by the grant of the total divorce. The decree granting this divorce definitely settled the right of the wife with respect to any claim she may have had upon the husband's estate growing out of the married relation, and left her as a judgment creditor only. . . *In the present case, the parties dispensed with a jury trial upon the question of an allowance of permanent alimony, and by consent invoked a decree of the court fixing the allowance upon the terms stated in the decree. This consent having been approved by the court in which the cause was pending after the grant of the divorce, the court loses control over the subject, and the decree stands as other judgments against the husband."* (Italics ours.) See 58 A. L. R. 634.

From the record in *Caudle* v. *Caudle*, 181 *Ga.* 144 (181 S. E. 669), it appears that Lucy Garwood Caudle and her husband, G. E. Caudle, entered into a written contract, wherein it was stipulated that the parties were living in a bona fide state of separation, and the husband agreed to pay, and the wife to accept, $25 per month as alimony, to continue until the death or marriage of the wife. Thereafter the husband remarried, and later died. The former wife brought an action against his widow, individually, and as executrix of his estate, and prayed that the court determine and fix the priority of her claim for alimony. It was held that the case was one arising by contract, and that, regardless of the validity of the alimony decree, and although the plaintiff might not be entitled to recover the present value of the contract based on expectancy, she was entitled to recover the monthly instalments which had not been paid at the time the petition was filed, and that it therefore stated a cause of action. One Justice dissented, on the ground that it was not an action to recover monthly instalments due and un-

paid, but was an action to fix the present cash value of the contract.

Under the rulings in *Coffee* v. *Coffee*, supra, and *Caudle* v. *Caudle*, supra, this court has followed the general rule that contracts for the payment of alimony should be given full force and effect, and continue for the period provided by the contract, which may be beyond the death of the husband. Stone *v.* Bayley, 75 Wash. 184 (134 Pac. 820); Southard *v.* Southard, 262 Mass. 278 (159 N. E. 512); In re Golding's Estate, 216 N. Y. S. 593; Allen *v.* Allen, supra; Storey *v.* Storey, 125 Ill. 608 (18 N. E. 329); Yoss *v.* Olerich, supra; Parker *v.* Parker, supra; Newman *v.* Burwell, 216 Cal. 608 (15 Pac. 2d, 511); Miller *v.* Superior Court of Los Angeles, 9 Cal. 2d, 733 (72 Pac. 2d, 868).

Contracts in settlement of claims for alimony and support of minor children stand upon the basis of other contracts to the extent that they are subject to construction by the court. In construing such contracts the intention of the parties should be arrived at and given effect. Code, § 20-702; *Brown* v. *Farkas*, supra. From the language of the contract in the present case, which is plain and specific, it was unquestionably the intention of the parties that the support for the minor children named in the contract should continue until their majority, and the language of the contract will not sustain any other construction. This is evidenced by the provision with reference to certain insurance policies, in which the wife is made beneficiary for the benefit of the children. It is further evidenced by the provision that the husband is to supply additional funds in the event the daughter should desire to attend college. As a matter of contract the parties intended that the minor children should be provided for until they become of age, and the contract so stipulates. Any argument that might be made that, if it was intended that the contract should continue after the death of the husband, it should have so stated, is met by the proposition that a definite time was fixed in the contract, to wit, the majority of the children. If it was intended that the contract would terminate upon the death of the husband, it should have so stated. *Green* v. *Starling*, 203 *Ga.* 10, 15 (45 S. E. 2d, 188). No limitation as to time, other than the majority of the minor children (except the marriage or death of the wife as to the alimony provision

for her, see *White* v. *Murden*, 190 *Ga.* 536, 9 S. E. 2d, 745), having been imposed by the contract, it should be enforced both as to the provisions for the wife and the children. Standing as a decree of the court, rendered upon a valid contract, it is beyond the power of any court to modify or change it, and it is just as binding as any other judgment might be, under the ruling in *Coffee* v. *Coffee*, supra. The parties settled their differences in a manner which the law approves. Their contract was not destroyed by the death of the husband, or by the fact that the settlement made between the parties has the sanction of a court of record.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., not participating. Duckworth, C.J., concurs in the judgment, but not in all that is said in the opinion. Candler and Hawkins, JJ., concur in the judgment, but not for the reasons stated in the opinion.*

CANDLER and HAWKINS, Justices, concurring specially. We concur in the judgment, but not for the reasons stated in the opinion. A contract could not possibly have any greater efficacy than a solemn judgment and decree of the court. Our reasons for concurring in the judgment here are stated in the dissenting opinion filed in *Berry* v. *Berry*, 208 *Ga.* 285 (66 S. E. 2d, 336).