Richard D. SNYDER, Administrator of the
Estate of Dan E. Snyder, Deceased
*v.* Dorothy SNYDER

CA 84-172                                683 S.W.2d 630

Court of Appeals of Arkansas
Division II
Opinion delivered February 6, 1985

*Bethell, Callaway, Robertson & Beasley,* by: *Edgar E. Bethell,* for appellant.

*Daily, West, Core, Coffman & Canfield,* by: *Wyman R. Wade, Jr.,* for appellee.

LAWSON CLONINGER, Judge. Richard D. Snyder, as administrator of his father's estate, appeals from an order of the Probate Court of Sebastian County whch allowed a claim against the estate filed by the appellee, Dorothy Snyder. We think the court was correct in allowing the claim and affirm.

The appellee and the appellant's father, Dan E. Snyder, were married in October of 1970, and divorced in January of 1973. At the time of their divorce, the couple owned a

residence in Fort Smith, Arkansas. The divorce decree recited that:

> [T]he use and occupancy of said property should be awarded to the plaintiff [Dorothy Snyder] and defendant [Dan Snyder] required to pay the balance owed Peoples Federal Savings & Loan Association on said property, and plaintiff should be required to pay the improvement loans thereon.

The divorce decree then ordered that ". . . plaintiff [Dorothy Snyder] make the improvement loan payments and the defendant [Dan Snyder] make the mortgage payments. . . "

Dan Snyder made the mortgage payments until his death in 1982. The appellee then filed a claim against the estate of Mr. Snyder for $4,062.88, the balance of the mortgage. The appellant filed an objection to this claim alleging that his father's liability under the divorce decree terminated upon his death. After a hearing, the court allowed the claim and ordered the appellant to pay it.

On appeal, the appellant argues that the mortgage payments made by Mr. Snyder were in essence alimony payments because they were made "at regular intervals for support from year-to-year." The appellant points out that no other "alimony" award was made to the appellee. The appellant then cites the well-established general rule that alimony continues only during the joint lives of the parties and therefore cannot be recovered from a spouse's estate. *Brown* v. *Brown,* 38 Ark. 324 (1881).

The appellant contends that requiring the estate to pay the balance of the mortgage, in essence, is requiring Mr. Snyder to pay "a specific sum of money as alimony." The appellant cites *Birnstill* v. *Birnstill,* 218 Ark. 130, 234 S.W.2d 757 (1950), which held that a court should not decree a certain and specific sum of money as alimony because alimony is a "continuous allotment of sums, payable at regular intervals, for . . . support from year to year. . . " *Id.* at 131 *(quoting Brown, supra).*

Finally, the appellant argues that it would be inequitable to allow the appellee's claim because Mr. Snyder had already paid a considerable amount on the mortgage and because the appellee became the sole owner of the property upon Mr. Snyder's death.

The appellee argues that the mortgage payments should not be characterized as "alimony". The divorce decree ordered Mr. Snyder to pay a certain and specific sum of money, that is, the balance of the mortgage. According to the appellee, this was an order to pay a debt rather than an order of support. Therefore, the trial court was correct in allowing the claim against Mr. Snyder's estate.

This court has indicated that the characterization of installment payments made pursuant to an award in a divorce decree depends on the circumstances surrounding the award. In *Stout* v. *Stout,* 4 Ark. App. 266, 630 S.W.2d 53 (1982), the chancellor awarded the wife "alimony" in the amount of $300 per month for a period of one year. The court pointed out that an "award of alimony in a gross sum payable in installments is contrary to its long established rule that alimony should not be a fixed sum but a continuing allowance payable at regular intervals." *Id.* at 272. The court then concluded that even though the decree referred to the award as alimony, the payments were not an award of alimony "in gross", when all the circumstances were considered.

It is our opinion that the trial court did not err in allowing the appellee's claim, because we think that the provision of the divorce decree finding that Mr. Snyder should pay the balance of the mortgage, and the resulting order to make the mortgage payments, was a provision in the nature of property division rather than alimony. The surrounding circumstances support that conclusion. The mortgage payments were not referred to as alimony in the decree, and there is no indication in the decree that Mr. Snyder was ordered to make the payments for the support and maintenance of the appellee. On the contrary, it appears that the court was making an equitable property division in that it required the appellee to make payments on home

improvement loans. The record is silent as to the amount of those loans. Until Mr. Snyder's death, his continued payments on the mortgage served to increase and protect his survivorship interest in the property, and if appellee had predeceased Dan Snyder, then Mr. Snyder would have benefited from the payment of the home improvement loans by appellee. The trial court was justified in not characterizing the mortgage payments as alimony and in allowing the appellee's claim.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.