Amy Grimes, Special Justice, dissents. |1SI join in Justice Hart’s dissent and agree that the court failed to properly analyze the nine factors set forth in A.C.A. section 9-12-315(a)(1)(A) in light of the facts. In failing to do so, the court erred in the property division in this matter. However, I write separately to express additional thoughts regarding the court’s grant of Christy’s motion to deposit alimony owed to John in the registry of the court. In considering this matter, this court was asked to take judicial notice of Farrell v. Farrell 2014 Ark. App. 601, 2014 WL 5757922 (2014). In that case, the Court of Appeals discussed its uncertainty about the nature of ordered alimony. The court questioned whether the payment of the alimony was payment of the wife’s share of marital property or instead, payment of alimony to equalize an unequal distribution of the marital estate, Id. at 5, 2014 WL 5757922. The court further noted that in determining the nature of alimony, one must look to the circumstances surrounding the award, Id.; see also Snyder v. Snyder, 13 Ark. App. 311, 683 S.W.2d 630 (1985). In the matter currently before this court, a review of the circumstances surrounding the award of alimony is clear. The award, here, is most certainly intended to equalize the very unequal distribution of marital property, including the TRM stock in favor of Christy. There is no question that John has been unable to pay the ordered deficiency judgment from the sale of the Edgehill property. The granting of Christy’s motion would appear to be the result of some frustration on the part of the lower court for John’s failure to pay his portion of the deficiency judgment. That said, it should be noted that despite Christy’s much better financial position, she too has failed to keep current with ordered payments — the payment of alimony to John. The lower court denied Christy’s motion for a “set off right” and that |19denial was not appealed. Therefore, I question the need to deposit these dollars in the court’s registry. If Christy has no set off right, then the deposit of the alimony with the court appears to merely be a mechanism for keeping monies from John. John was given some property as part of the distribution of marital property. Clearly, he was not given the value that Christy received in light of the ongoing nature of possible monetary distributions from the TRM stock. Since I feel that the alimony in this matter was intended to equalize the unequal division of marital property, including the TRM stock, it is my opinion that the court did indeed abuse its discretion in granting Christy’s motion. Christy should not have been allowed to deposit the unpaid alimony dollars in the court’s registry. The circuit court in considering Christy’s motion, should have considered the reason for the award of alimony to John. Its failure to consider such reasons and to allow the unpaid alimony to continue to be withheld from John further compounds the lower court’s failure to make equitable decisions regarding the division of marital property in this matter. Indeed, these monies should be ordered tendered to John forthwith. Special Justice Jodi L. Strother joins.